## HOPKINS v. FARMERS' NAT. BANK of NORMAN et al.

No. 9720—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

**1. Pleading—General Rule of Construction.**

Section 4766, Rev. Laws 1910, provides that "in the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

**2. Judgment—Action to Vacate—Sufficiency of Petition.**

Record examined, and held, that in view of the foregoing rule it was error for the trial court to sustain a demurrer to the petition of the plaintiff.

Error from District Court, Cleveland County; R. McMillan, Judge.

Action by Delila M. Hopkins against The National Bank (now named the Farmers' National Bank) of Norman, Okla., and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

James A Cowan, for plaintiff in error.

J. B. Dudley and James M. Gresham, for defendants in error.

KANE, J. This was an action, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, for the purpose of setting aside a certain money judgment and a decree foreclosing a mortgage, previously rendered by the district court of Cleveland county in a certain action wherein the defendants herein were plaintiffs and the plaintiff herein and her husband, Ned Hopkins, were defendants.

Upon the trial court sustaining a general and special demurrer to the third amended petition filed by the plaintiff, she elected to plead no further, whereupon judgment dismissing her cause of action was rendered against her, to reverse which this proceeding in error was commenced.

As the third amended petition, to which the demurrer was sustained, is quite lengthy, we will not undertake to set it out in full, contenting ourselves by stating the substance of the particular allegations thereof which seem to us to be necessary to a decision of the questions presented for review.

The first allegation we will notice is one to the effect that Ned Hopkins, the deceased husband of the plaintiff and her co-defendant in the original action, was an inmate of the insane asylum at Norman at the time the original action was commenced; that, although the return of the officer shows that Ned Hopkins was served with summons in said action by delivering to him personally a full, true, and correct copy of said summons, etc., the record shows that Ned Hopkins was in fact dead at the time such summons was served. Another allegation states, in effect, that the plaintiff herein was duly appointed administratrix of the estate of Ned Hopkins, deceased, on the 4th day of March, 1912, and that she subsequently qualified as such administratrix in the manner required by law; that the records show that said cause was revived in her name as administratrix without her consent as administratrix and without the service of notice upon her in said capacity as required by law; and that thereafter judgment and decree of foreclosure was rendered against her as administratrix without her consent and without the service of notice upon her in said capacity; "that said administratrix had no knowledge of said foreclosure proceeding, and that said administratrix was not served with summons, and that said administratrix was not present in court at any time during the proceedings had in said cause, and that said administratrix had not authorized any person or attorney to appear for her in said cause, and that said administratrix did not know such proceedings had been had against her as such administratrix, until informed of the records herein set forth on or about the 20th day of October, 1916."

While the petition contains many other allegations, these are the ones upon which counsel for plaintiff in error principally relies as stating a cause of action against the defendants in error. On the other hand, counsel for defendants in error seem to concede that these allegations, standing alone, state facts sufficient to constitute a cause of action, but they say that, inasmuch as certain parts of the record in the original cause, which the plaintiff in error attached to her petition as exhibits, show that these allegations are contradictory of the facts disclosed by the record, it was not error for the trial court to sustain the demurrer. This contention is probably well taken as to the allegation of the petition attacking the service of summons on Ned Hopkins. The allegation is that, while the return of the sheriff shows personal service upon Ned Hopkins upon the 5th day of January, the record shows that Ned Hopkins died on the 4th day of January, the day before the purported service of sum-

mons upon him. The record relied upon as showing this states that "Ned Hopkins died on or about January 4." On the proposition of law arising out of this situation counsel for defendants in error say in their brief:

"As to service on Ned Hopkins on January 5, 1912, and the pleaders' approximation of the date of death, as being 'on or about Jan. 4, 1912,' we hereby quote Black's Law Dictionary: 'A phrase used in reciting the date of an occurrence or conveyance, to escape the necessity of being bound by the statement of an exact date.' And the term is sufficiently definite even as to crimes (22 Cyc. 316)."

Assuming that this argument constitutes a complete answer to plaintiff's first contention, we will now pass, without further comment thereon, to the more serious question presented under the second contention. Of this, counsel for defendants in error say in their brief:

"In the foreclosure proceedings of 1912, plaintiff in error (defendant in said foreclosure) was sued and appealed in both her personal capacity and as administratrix of the estate of Ned Hopkins, and she was represented throughout by counsel, J. B. Dudley, who (his associate counsel here, state to the court) did not try to fabricate a defense when he ascertained that he had none."

We are unable to find that any of the exhibits attached to plaintiff's petition sustains this statement in its entirety. These exhibits do show that Mrs. Hopkins, in her personal capacity, was personally served with summons in the original action and that counsel appeared for her in that capacity and filed a demurrer to the petition of the plaintiff. We are unable, however, to find any record which states specifically that she ever appeared either personally or by counsel in her capacity as administratrix.

The statute, section 5287, Revised Laws 1910, provides that the order of revivor must be made on the motion of the adverse party or by the representative of the person who died. There was no motion for revivor filed either by the adverse party or by the representative of the person who died. Section 5288, Revised Laws 1910, provides that if the order is not made by consent, notice of the application for revivor shall be served in the same manner as a summons, upon the party adverse to the one making the motion. As we construe the record, it does not disclose that the administratrix ever appeared in that capacity, or that she ever consented to the order of revivor. There is a recital in an order entered on the 29th day of March, 1912, that on the 4th day of March, 1912, "plaintiff and defendants, in open court, requested that this action be revived against Delila M. Hopkins, duly appointed, qualified,

and acting administratrix of the estate of Ned Hopkins, deceased." In this order it was also recited that the plaintiff appeared by a certain firm of lawyers and that "the defendants" appeared by a certain other lawyer.

This order is entitled "R. V. Downing, Plaintiff, v. Delila M. Hopkins, Administratrix of the Estate of Ned Hopkins, Deceased, Delila M. Hopkins, Clement Mortgage Co., a corporation, and A. Gibbs, Defendants," and it seems to be assumed by counsel for the defendants that inasmuch as it is recited in the order that the "defendants" appeared by counsel and requested that the cause be revived, etc., it conclusively follows that it must be held that the record shows a revivor with the consent of the administratrix. We are unable to join counsel in this assumption. The records of the court for the 4th day of March do not show any appearance by the administratrix on that day. That was the day the administratrix was appointed and qualified, but of course she did not become a party defendant in that capacity until after an order of revivor had been entered. As at the time the recital says the "defendants" appeared, the administratrix was not properly a party defendant, this recital, in our opinion, was not tantamount to saying that the administratrix requested the action to be revived, etc. The order also recites that all the "defendants" appearing, appeared by the same lawyer. As the interest of the administratrix was adverse to the interest of at least one of the defendants, it will not be assumed, in the absence of some specific affirmative assertion to that effect, that a recital of which shows that the "defendants" appeared by one and the same lawyer, constitutes an appearance of the administratrix by counsel. As the record discloses no specific appearance of the administratrix by counsel, we think it should be made to appear more definitely that she was represented by counsel, if such indeed were the fact. In these circumstances it cannot be said that the record discloses that the cause was revived with the consent of Delila M. Hopkins as administratrix. And in the absence of some more direct showing to the contrary, we will not assume that the same attorney appeared in this matter for Delila M. Hopkins, administratrix, and the Clement Mortgage Company, a corporation. As the interests of these parties were adverse to each other, it seems to us to be more consonant with good faith and correct practice to hold that the term "defendants" in the order, refers to Delila M. Hopkins in her personal capacity, Clement Mortgage Company, a corporation, and the other parties, who were in fact the real defendants at the time the recital says the defendants appeared, and

that it was these defendants who appeared by the same lawyer.

At any rate, in view of section 4766, Rev. Laws 1910, which provides that in the construction of any pleading, its allegations shall be liberally construed, with a view of substantial justice between the parties, we are not willing to hold that these indefinite and equivocal recitals in the order of March 29th are sufficient to overcome the direct and positive allegations of the plaintiff's petition that she never appeared as administratrix in said cause; that no notice of revivor was ever served upon her in that capacity as required by law, and that she never authorized any one to appear for her and consent to a revivor.

For the reasons stated, we think the court committed error in sustaining the demurrer to the third amended petition of the plaintiff.

The judgment of the court below is therefore reversed and the cause remanded, with directions to overrule the demurrer.

OWEN, C. J., RAINEY, V. C. J., and JOHNSON, PITCHFORD, HIGGINS, and BAILEY, JJ. concur.