FRANCIS VITRIC BRICK CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 10452—Opinion Filed Nov. 25, 1919.

(Syllabus by the Court.)

1. **Master and Servant—Workmen's Compensation—Review.**

Under the provisions of section 10, art. 2, of the Workmen's Compensation Act (Laws of 1915, c. 246), the decision of the State Industrial Commission is final as to all questions of fact.

2. **Same—Award of Industrial Commission.**

Actions regularly commenced in the Supreme Court for the purpose of reviewing an award or decision of the State Industrial Commission, where the aggrieved party has complied with rule 1, of the rules prescribed by the Supreme Court governing the commencement and trial of such actions, the same will be heard in a summary manner upon the record and proceedings had before the commission.

3. **Same.**

Record and proceedings of the commission examined, and there being no error, the decision thereof is affirmed.

E. G. Thomas, for petitioners.

R. E. Wood, Asst. Atty. Gen., for respondents.

Award of the State Industrial Commission for personal injuries to William H. Smith, from which the Francis Vitric Brick Company and others, interested parties, appeal. Affirmed.

JOHNSON, J. This action was commenced in this court to review the action of the State Industrial Commission in making an order overruling the motion of petitioners to correct an award made by the commission to William H. Smith, under the Workmen's Compensation Law of this state.

The petitioners assign errors:

1. Because said award, in so far as it grants relief to the said respondent, William H. Smith, over the sum of $300.00, is illegal and contrary to law and is not sustained by the evidence.

2. Because said award is contrary to law.

3. Because said award is not sustained by sufficient evidence.

4. That said respondent, the State Industrial Commission of the State of Oklahoma, committed error in overruling the motion to correct the award filed by respondents below, petitioners, here, from which order overruling said motion your petitioners, respondents below, appeal to this court."

And they pray that this court review the award, examine the evidence, and upon final hearing, reduced the award.

Under rule 6 (75 Okla. v. of the rules provided by this court, the action shall be heard in a summary manner upon the record and proceedings had before the Industrial Commission. Board of Commissioners of Cleveland Co. v. Barr et al., 68 Oklahoma, 173 Pac. 206; Lahoma Oil Co. v. Industrial Commission of Oklahoma, 71 Oklahoma, 175 Pac. 836; Flynn v. Ponca City Milling Co., 71 Oklahoma, 177 Pac. 366.

It is provided in sec. 10, art. 2 of the Workmen's Compensation Act, that the decision of the Industrial Commission shall be final as to all questions of fact.

Paragraph 1 of the petitioners' petition alleges:

"That the State Industrial Commission of the State of Oklahoma, respondent herein, did make, enter and file of record a certain award on the 14th day of October, 1918, in favor of William H. Smith, one of the respondents herein. requiring your petitioners to pay said William H. Smith, as an injured workman under the Workmen's Compensation Law of the State of Oklahoma, the sum of ten ($10.00) dollars per week for a period of sixty weeks, and being for a total sum of six hundred ($600.00) dollars, commencing on the 18th day of September, 1918, and continuing at the rate of $10.00 per week until the sum of $600.00 has been paid."

To which was attached a certified copy of the award of the Commissioners. which contained the conclusions found by the Commission, and the same are as follows:

"That the claimant while in the employ of respondent and in the course of his employment was injured on the 4th day of September, 1918, and as a result of said injury suffered the loss of his thumb and is therefore entitled to compensation for a period of sixty weeks at the rate of $10.00 per week, being for a total of $600.00."

The conclusion of fact found by the Commission is that the claimant, while in the employ of respondent, was injured on the 4th day of September, 1918, and as a result of said injury suffered the loss of a thumb. This conclusion of fact being conclusive upon the court, the only question presented by the appeal is whether the Commission erred as a matter of law in holding that said William H. Smith is entitled to the amount awarded him.

Subdivision 13, sec. 6, ch. 246, Sess. Laws 1915, provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within thirty days after a copy of such award or decision has been sent by said Commission to the parties affected, and action is commenced in the Supreme Court of the state to review such award or decision. Said Supreme Court shall have original jurisdiction of such action, and is authorized to prescribe rules for the commencement and trial of the same. Such action shall be commenced by filing with the clerk of the Supreme Court a certified copy of the award or decision of the Commission attached to the petition by the claimant, wherein the complainant or petitioner shall make his assignments or specifications as to wherein said award or decision is erroneous and illegal. Said proceeding shall be heard in a summary manner and have precedence over all other civil cases in such court, except preferred Corporation Commission appeals. The Commission shall be deemed a party to such proceedings and the Attorney General, without extra compensation, shall represent the Commission therein. Such action shall be subject to the law and practice applicable to other civil actions cognizable in said court. Upon the final determination of said action in which award or decision of the Commission is sought to be reviewed, the Commission shall make an order or decision in accordance with the judgment of said court."

Subdivision 3, sec. 6, ch. 246, Sess. Laws 1915, provides:

"In cases of disability, partial in character but permanent in quality, the compensation shall be fifty per centum of the average wages and shall be paid to the employe for the period named in the schedule as follows:

"For the loss of a thumb, sixty weeks."

Subdivision 5 of the act, supra, provides:

"The compensation payments under the provisions of this act shall not exceed the sum of ten ($10.00) dollars per week or be less than six ($6.00) dollars per week, provided, however, that if the employe's wages at the time of the injury are less than six ($6.00) dollars per week, he shall receive his full weekly wages."

We think it is clear that the record presents no error. The award made by the Commission is therefore affirmed.

OWEN, C. J., and RAINEY, KANE, PITCHFORD, HIGGINS. and BAILEY, JJ., concur. HARRISON and McNEILL, JJ., not participating.