Argued on behalf of appellants, submitted on briefs by respondent at Pendleton October 29, reversed December 9, 1919.

## SHAW *v.* CORBETT.

(185 Pac. 585.)

**Equity—Failure to Plead Doctrine of Clean Hands as Estoppel.**

1. In a landlord's suit to remove a cloud upon title to land in the form of a lease, breached and abandoned by the tenant, a holding that plaintiffs did not come into equity with clean hands because of a showing that they had sold the land through defendant tenant as agent was improper, where no estoppel was pleaded.

**Frauds, Statute of—Broker's Oral Agreement for Sale of Real Estate.**

2. In a landlord's action to remove a lease as a cloud upon title, tenant's answer, claiming damages for alleged breach of real estate broker's oral agreement, although demurrable in view of Section 808, L. O. L., nevertheless, since the allegations of the answer were traversed, the defendant was put to proof, as under such section the oral contract was void, and evidence other than the writing or secondary evidence of its contents inadmissible.

**Landlord and Tenant—Evidence of Tenant's Abandonment.**

3. In a landlord's action to remove a lease as a cloud upon title, evidence *held* to indicate clearly an abandonment of the premises by the tenant.

**Brokers—Landord and Tenant—Abandonment of Lease—Equity from Void Agreement to Act as Broker.**

4. Where defendant, tenant, abandoned the lease, plaintiffs, landlords, were restored to their own, independent of any relation of tenant, and no equity can arise from an oral agreement for the tenant to act for the sale of such property, void under Section 808, L. O. L., especially where defendant fails to show any assent or adoption by plaintiff of his acts in attempting to sell the land.

**Landlord and Tenant—Nominal Damages for Breach of Lease on Shares.**

5. Where landlords, suing for damages for tenant's failure to perform the terms of his lease on shares, have not furnished sufficient data in the testimony from which the court can estimate advisedly the amount of damages, they will be allowed only nominal damages.

[As to the rights and remedies of landlord on abandonment of premises by tenant, see note in 14 **Ann. Cas.** 1088.]

From Baker: GUSTAV ANDERSON, Judge.

In Banc.

The plaintiffs leased to the defendant some real property with some livestock and farm machinery on

the premises, for the term of five years, for a share of the products of the leased property. They allege that he failed to comply with the terms of the lease, specifying particulars, and that he abandoneed the same and the premises but having done so, continues to assert some right or claim by virtue thereof and refuses to cancel the lease. Claiming this to be a cloud upon their title obstructing the alienation or other disposition of the property on their part, they pray that the lease be canceled and that they have a decree against the defendant for damages which they claim have arisen by reason of his failure to perform the terms of the demise.

The lease is admitted by the answer. The defendant contends that he performed the terms thereof so far as he was able, but that on account of the sickness and death of his wife and his own subsequent illness he was compelled to be absent from the premises, although he employed servants to whom he committed the management of the leased property. He claims further that the plaintiffs ousted him from the premises and, still further, that in pursuance of an oral agreement entered into between the plaintiffs and the defendant about the time of the execution of the lease it was stipulated that the defendant should use his best endeavors to find a purchaser for the premises and property described in the lease for the sum of $15,000, for which services the plaintiffs should pay him a 5 per cent commission, and that afterwards he found a purchaser for the sum of $17,000, whereupon the plaintiffs refused to execute a conveyance of the property and afterwards contracted it to the same prospective purchaser for $15,000. He claims damages on account of the alleged breach by

the plaintiffs of their contract. The answer is traversed by the reply.

The Circuit Court heard the testimony and entered a decree dismissing the suit and for costs. The plaintiffs appeal.                        REVERSED.

For appellants there was a brief over the names of *Mr. O. B. Mount* and *Mr. E. R. Coulter,* with an oral argument by *Mr. Mount.*

For respondent there was a brief submitted by *Mr. Harrison McAdams* and *Mr. James H. Nichols.*

BURNETT, J.—1, 2. From the conclusions of law quoted in the abstract, the Circuit Court seems to have proceeded upon the theory that although the defendant had breached the terms of the lease, yet inasmuch as the plaintiffs had sold the property to a man whom the defendant claims to have induced to purchase the same, they had accepted the latter's services and could not be said to have come into equity with clean hands, and hence were not entitled to relief. The defendant does not plead any matter by way of estoppel. The answer was demurrable so far as the alleged employment of himself as a real estate broker is concerned, because it states-that the agreement was oral: Section 808, L. O. L. Nevertheless, since the allegations of the answer were traversed, the defendant was put to his proof of the same. Under Section 808, L. O. L., declaring that an agreement authorizing or employing an agent to sell or purchase real estate for compensation or commission shall be void unless in writing expressing the consideration, signed by the party to be charged, the requisite evidence is found only in such a writing, because the statute expressly says that evidence of such an agree-

ment "shall not be received, other than the writing or secondary evidence of its contents, in the cases prescribed by law." The plaintiffs deny making such an agreement. On the merits, the great weight of the testimony indicates that they made no such agreement, oral or otherwise, and that whatever the defendant did in the matter was as a mere volunteer, most likely for the purpose of hindering the plaintiffs in the enjoyment of their property.

3. It would be an unnecessary encumbrance of the reports to go into an extended analysis of the testimony. It is sufficient to say that the case is plain that the defendant went upon the premises about April 26, 1918, about a week after the date of the lease, and was there but little of the time during the six weeks period thereafter, when he left the premises, taking away his personal belongings, and was never again on the place until he went there to subpoena a witness for the trial of this case. It is true that his wife was taken ill and finally died and that afterwards he himself was sick, but his conduct otherwise indicates a clear abandonment of the premises. The plaintiffs testify that he told them he could do nothing with the place and that they would have to do the best they could with it. An independent witness, apparently without interest in the controversy, declares that the defendant on a certain occasion said it was his last trip down to the place and that he would not have anything further to do with it. It was only after consulting the defendant and finding that he would have nothing more to do with the property, that the plaintiffs took active possession thereof and proceeded to dispose of it; and it was only on finding that they had an opportunity to sell the property that the defendant refused to execute a discharge of the

94 Or.—18

lease. It is without dispute that the plaintiffs refused to have anything to do with any arrangement for selling the property, in which the defendant was concerned. He cannot cloud the title or prejudice the plaintiffs in their acts of ownership over the property, by his own voluntary act under an alleged arrangement which the statute says is void, and which it declares shall not be the subject of any evidence.

4. As the defendant abandoned the lease, the plaintiffs were restored to their own, independent of any relationship with him, and no equity can arise from that which the statute says is void, especially where the defendant fails to show any assent or adoption by the plaintiffs of any of his acts in attempting to sell the property.

5. The plaintiffs are entitled to a decree canceling the lease as a cloud upon their title. They have not furnished sufficient data in the testimony from which the court can estimate advisedly any amount of damage. Confessedly, the defendant was unable to carry on the premises, having stated to the plaintiffs his inability to do so on account of being unable to borrow any more money. The men whom he found employed there when he entered into possession were engaged by him to continue in his service, but he could not pay them and they went to work for other parties, to the neglect of the property in question. One of them had gone permanently and the other was in the act of leaving when one of the plaintiffs came upon the premises.

Taking the case by its four corners as disclosed by the testimony, it presents an instance where an irresponsible tenant has utterly failed in his undertaking and has abandoned the property. He may have had his misfortunes, and be deserving of pity on that ac-

count, but the fact remains that he is unable to carry out his agreement, has given up the undertaking as hopeless, has abandoned the lease and has no further claim upon the property. The decree of the Circuit Court is reversed and one is here entered canceling the lease and allowing the plaintiffs the nominal damages of one dollar, the decree to be without costs or disbursements to either party.

REVERSED. DECREE RENDERED.