Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of JOSEPH McNERNEY, Respondent, for Compensation under the Workmen's Compensation Law, v. SOLOMON HELLER, Employer, and THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Insurance Carrier, Appellants.

Third Department, March 8, 1922.

**Workmen's Compensation Law — award — full compensation not allowed — some evidence that claimant unable to do regular work but able to and did do other work.**

A claimant for compensation under the Workmen's Compensation Law is not entitled to an award for full compensation, at least until further proof is taken, where there is some evidence that, during the period covered by the award, while the claimant was unable to do his regular work, he could and did do some other work but the amount was not shown.

APPEAL by the defendants, Solomon Heller and another, from a decision and award of the State Industrial Board, entered in the office of said Board on the 9th day of May, 1921.

*Robert H. Woody* [*N. F. Towner* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

VAN KIRK, J.:

The appellants question whether or not the claimant was disabled during the period covered by the award.

He was injured August 7, 1920, when he fell from a board or scaffold, a distance of about seven feet, and struck a pail of water. Several physicians had reported that, prior to January 8, 1921, the claimant was able to do his usual work. Awards were made from time to time and have been paid, the last of these on January 7, 1921, when the claimant testified that he was not able to work at his trade, that he had sought other lighter work and been unable to find it; and an award was then made to date and the case continued. Hearings were appointed for February 18 and March 18, 1921, at which the claimant did not appear; but he did appear at a hearing May 4, 1921, and testified that he began regular work on March first; that on January eighth he was told to get light work, and that he went down and worked as a janitor. Referee Curtis remarked: " The doctor did not say light work. The doctor said you were able to do your regular work January seventh. Unless you can show further medical proof that you had disability that long you got all the compensation that you are entitled to. This is the examination and under the decision of the court we could

not give you another cent without your submitting further medical proof. Claimant: If I was able to do work I'd do it. * * * I'm still wearing a belt. * * * I'm a plasterer by trade. * * * As long as I can get a light job it is all right. I can't work out a week doing my regular work." The claimant was then sent to the medical department for examination. The report of the medical examination was: " Examination of the abdomen shows a median scar above the umbilicus for the surgical repair of a hernia which has healed with excellent result from a surgical point of view. Claimant at this date calls my attention that he has pain along the spinal column and, therefore, is not able to do his usual laborious work. Examination of spinal column does not show remaining evidence of an injury nor do I find any sensitive area which is increased on pressure. The claimant is able to elevate both arms to a vertical line, bends completely forward and elevates either leg in an extended position without restriction. I, therefore, suggest that claimant make an attempt to resume his usual work for about two weeks. If not able to so continue, to be re-examined. Partial disability to continue." Claimant was then asked: " Did you do any work till March first? Yes; I went to work at twenty dollars a week January twelfth for Roger Peet." Referee Curtis then remarked: " We will pay you from January twelfth to March first, when you went back to do your regular work, at full, and claimant is to continue his work and if he has to stop, to come in for an examination."

The record in the case does not make an impression entirely favorable to claimant. There was some evidence that, up to March first, the claimant was unable to do his regular work, but he could do other work and did some; the evidence does not show how much. Under such circumstances he is not entitled to an award for full compensation, at least until further proof is taken. (Workmen's Compensation Law, § 15, subds. 3, 4, as amd. by Laws of 1920, chaps. 532, 533, and Laws of 1917, chap. 705.) Under the authority of *Matter of Jordan* v. *Decorative Co.* (230 N. Y. 522) the award should be reversed and a rehearing ordered, with costs to abide the event.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs to the appellants to abide the event.