Before STATE INDUSTRIAL BOARD, Respondent.

A. BELLO, Claimant, Respondent, *v.* GENERAL ELECTRIC COMPANY,
Appellant.

Third Department, March 7, 1923.

Workmen's compensation — award for total disability cannot be con-
tinued where claimant who is able to do light work fails to show that
he cannot find suitable work — failure to find work cannot be predicated
on refusal of employer to furnish it.

Compensation on the basis of total disability cannot be continued after the
claimant is able to do some work, unless the claimant shows that he has been
unable to find any work in the same employment or otherwise that he is able
to do.

Failure to find work cannot be predicated on the fact that the employer refused
to furnish work suitable to the claimant's condition.

APPEAL by the defendant, General Electric Company, from
awards of the State Industrial Board, made on the 3d day of
February, 1922, and the 29th day of May, 1922, respectively.

*Richmond Moot,* for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy
Attorney-General,* of counsel], for the respondents.

HASBROUCK, J.:

On May 31, 1921, while working for the General Electric Com-
pany, plaintiff slipped on a flight of stairs and suffered contusion
of his back and shoulders and a slight periosteal tear in the right
scapular region and the State Industrial Board has found he was
totally disabled until March 4, 1922, and the employer, a self-
insurer, has paid compensation up to August 27, 1921, and is
appealing to review the legality of the award from that date to
March 4, 1922.

The appeal should be sustained. During some of the time
elapsing between August twenty-seventh and March sixth claimant
was able to do light work. He made absolutely no attempt to
obtain such work except from his employer which offered him a
light job which he refused. The basis of liability for compensation
for total disability where claimant has a wage-earning capacity
is laid by making an attempt to secure such work in the same
employment or otherwise as the injured employee may perform.
(*Dzink* v. *United States Railroad Administration,* 204 App. Div.
164.)

The award of total disability compensation is proper only where
it appears that there is a " failure to find work " in the same

employment or otherwise.. The claimant here does not pretend that he could not have found light work that he could do. That this claimant " did refuse without excuse to use the powers which were his, is a conclusion not to be avoided upon the record now before us." (*Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522.)

The Industrial Board has found that light labor was denied him by his employer. This is not enough. The wage market is far wider than the General Electric Company. The disability of the claimant seems by the findings of the Industrial Board to be concededly partial. How much he might have earned is not made to appear. (*McNerney* v. *Heller*, 200 App. Div. 285.)

The award should be reversed and the case remitted to the Industrial Board for further hearing, to fix his wage-earning capacity and make a new award, as authorized by the Workmen's Compensation Law of 1922, section 15, subdivisions 5 and 6. (See Workmen's Compensation Law of 1914, § 15, subds. 4, 5, as amd. by Laws of 1917, chap. 705. See, also, Laws of 1920, chap. 532, amdg. said § 15, subd. 5.) No costs.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HINMAN, JJ., concur.

Award reversed and matter remitted to the State Industrial Board.