## OKLAHOMA LEADER et al. v. STATE INDUSTRIAL COMMISSION. et al.

No. 14082—Opinion Filed Jan. 29; 1924.

**Master and Servant—Workmen's Compensation Law—Commuting Periodical Payments to Lump Sum on Ex Parte Hearing.**

Section 15, article II, Session Laws of 1915, being section 7299, Comp. Stat. 1921, provides:

"Compensation under the provisions of this · act shall be payable periodically in accordance with the method of the payment of the wages of the employe at the time of his injury and shall be so provided for in any award; but the commission may determine that all payment or payments may be made monthly or at any other period, as it may deem advisable. The commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump sum payments, provided the same shall be in the interest of justice."

Where claim has been filed under the Workmen's Compensation Act and due notice of hearing has been given to the respondents and hearing regularly had after such notice, and finding made by the Industrial Commission awarding compensation, and such finding and award is not appealed from, and becomes final, the Industrial Commission may, if it deems advisable and in the interest of justice, under section 7299, of article 2, chapter 56, Comp. Stat. 1921, commute weekly or monthly payments to one lump sum, provided such sum so awarded in a lump sum shall not be in excess of the sum total of the original award, upon ex parte hearing showing that the ends of justice require the same, without notice to the respondents.

The word "commute," as defined by the lexicographers, means "to substitute for (one exaction, obligation, or. due, as a payment, penalty. etc.) another that is lighter or less," and under the section of the Workmen's Compensation Act heretofore referred to, the Industrial Commission had authority to commute the weekly payments to a lump sum payment where such lump sum payment was less than would have been paid under the original award, without notice to the respondents.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from State Industrial Commission.

Action by the Oklahoma Leader and Associated Employers' Reciprocal to review award of State Industrial Commission in favor of Carrie Neyland. Award sustained.

Burford, Miley, Hoffman & Burford, for plaintiffs in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for defendants in error.

Opinion by RUTH, C. This was a claim originally filed before the Industrial Commission of the state of Oklahoma by one Carrie Neyland, wherein she sought to have awarded her compensation for injuries received to her hand while in the employ of the Oklahoma Leader Company. It appears from the record that the complaint was duly filed, and notice served upon the Oklahoma Leader Company, which company, together with the Associated Employers Reciprocal, insurance carrier, appeared and contested the proceedings, and upon conclusion of the testimony the Industrial Commission was of the opinion that Carrie Neyland had suffered complete loss of the use of her hand and awarded her compensation, under the Workmen's Compensation Act, in the sum of $13 per week for a period of 200 weeks, from October 28, 1921, which award, we assume, was complied with and paid according to the terms thereof and was not appealed from by the respondents, and to this extent, and to the extent of the award, becomes final.

On the 30th day of December, 1922, Carrie Neyland filed an application with the Industrial Commission to have the award commuted to a lump sum, and it appeared that under the original award there would have been paid to her the sum of $1,807. It does not appear that any notice was served upon the respondents, but evidence was taken before the commissioners' court, which court commuted the weekly payments, which would have aggregated $1,807 for the balance of the period awarded, and awarded her the lump sum of $1,736.96, and directed the payment of the sum within ten days from the 30th day of December, 1922, and to this commutation, the respondents take exception and bring this cause here for review.

The Workmen's Compensation law was enacted for the purpose of compensating employees for injuries occasioned while employed in certain occupations, and discretion was given the Industrial Commission as to whether or not under all the facts and circumstances, weekly payments of compensation should be made or a lump sum should be awarded. Section 7299, art. 2, ch. 56, Comp. Stat. 1921, provides:

"Compensation under the provisions of this act shall be payable periodically, in accordance with the method of payment of the wages of the employe at the time of his injury, and shall be so provided for in an award: but the commission may determine that all payment or payments may be monthly, or at any other period, as it may deem advisable. The commission whenever it shall so deem advisable may commute, such periodical payments to one or more lump sum payments provided the same shall be in the interest of justice."

It will be seen that under this section, it is wholly within its discretion whether or not the commission may award a weekly or monthly payment, or any other periodical payment or award a lump sum, if the ends of justice demand it, and under the decisions of this court, the facts will not be reviewed by this court if there is any evidence to support the same, as the commission is the sole judge of the necessity for award either being periodical or lump sum or for the commutation from a periodical payment to a lump sum award.

Plaintiffs in error contend that so changing the award deprived them of their property without due process of law in contravention of the 14th Amendment of the Constitution of the United States and the Constitution of the state of Oklahoma, and we are indebted to counsel for the able brief presented in this case covering the question of due process of law, but we cannot agree with defendant that to commute the weekly payments to a lump sum payment, without notice to the respondent, is depriving them of property without due process of law, particularly where the record discloses that the lump sum of payment requires respondents to pay a less sum than they would have paid under the weekly payment award.

Properly adjudicated after notice and hearing, and having become final as to all facts presented, it having not been appealed from, no injustice could be done the respondents by commuting these payments to a lump sum, less in amount than the original sum. It is manifest that injury might be occasioned, and under certain circumstances justice might require the continuance of the weekly payment, but in the instant case it was disclosed by the evidence that the claimant had been engaged in the printing business for many years and having suffered a total loss of the use of her right hand, desired a lump sum payment to the end that she might engage in the printing business in a small way, and by becoming proprietress of a printing shop, would thus be enabled to earn a livelihood such as the award of $13 per week would not provide her with. The Legislature having given to the commission the power to commute this payment or these weekly payments to a lump sum payment, we can find no error in the action of the commission in so doing.

In Oklahoma Democrat Publishing Company v. State Industrial Commission, 86 Okla. 62, 206 Pac. 249, this court, in discuss-

ing the question of commuting weekly payments to a lump sum payment said:

"On this assignment of error it is contended, that inasmuch as the word 'commute,' as defined by the lexicographers means, 'to substitute for (one exaction, obligation, or due, as a payment, penalty, etc.) another that is lighter or less; as to commute military service for a contribution' (see Webster's New International Dictionary), the commission was without authority to allow the respondent a lump sum aggregating the total sum of the payments he would be entitled to if made periodically. It is true that the word 'commute' is often used in the sense above stated, but the same authority shows that it also means 'to exchange, interchange, or substitute; to pay, to arrange to pay, in gross instead of part by part.' It is in this latter sense that the word as it appears in the foregoing statute has always been construed in this jurisdiction."

This court has frequently upheld the action of the commission in requiring employers to pay in gross instead of part by part and the fact that the gross sum was not lighter or less in amount than the sum of the periodical payments does not seem to have made any difference.

Stevenor v. State Industrial Commission, 79 Okla. 228, 192 Pac. 581, 583; Frances Company v. State Industrial Commission, 76 Okla. 314, 185 Pac. 585; McAlester Company v. State Industrial Commission, 85 Okla. 66, 204 Pac. 630.

It being entirely within the discretion of the Industrial Commission to make the award payable periodically or in a lump sum, upon the same set of facts, the rights of the respondents were not prejudiced by reason of lack of notice of the application for the change in the award, and did not deprive them of their property without due process of law, as the award was diminished instead of increased, the judgment and award of the State Industrial Commission should for the reasons herein stated, be affirmed.

By the Court: It is so ordered.