**INTEGRITY MUTUAL CASUALTY CO. et al. v. GARRETT et al.**

No. 14981—Opinion Filed Sept. 16, 1924.

1. **Master and Servant—Workmen's Compensation Law—Construction—Disability of Claimant.**

A statute will be given a construction which renders every word operative, rather than one which makes some words idle and nugatory, and where the statute provides compensation awarded for disability in a certain class of cases shall be fifty per centum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise, it is error for the Industrial Commission to confine its inquiry into, and base its award solely upon the disability of the complainant to engage in the same employment in which he was engaged prior to receiving the injury.

2. **Same—Finality of Industrial Commission's Decision on Facts.**

The decision of the State Industrial Commission is made final as to all questions of fact; but this is so only when there is some evidence to support such decision, and, where there is no evidence to support such finding and decision, the same may be reversed as a matter of law.

3. **Same—Case.**

Evidence examined, and held, there is no competent evidence disclosed by the record to support the finding of the Industrial Commission that complainant is entitled to compensation for a period of 500 weeks.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from Industrial Commission of the State of Oklahoma.

Proceeding by Walter Garrett before the State Industrial Commission to secure compensation for injuries under Workmen's Compensation Act. From the judgment, petitioners appeal. Reversed with directions.

E. C. Marianelli, for petitioners.

Twyford & Smith, for respondents.

Opinion by RUTH, C. The complainant, Walter Garrett, filed his application for compensation under the workmens compensation statutes of this state, alleging certain injuries had been sustained by him while in the employ of the Slater Steel Rig Company. These injuries consisted of "hip bone broken and shattered; sciatic nerve and tendons in hip severely distorted; muscles in legs drawn and only partial use of knee and leg", according to the claim filed. On March 23, 1923, an award was made by the Industrial Commission but such award shows upon its face that the extent of the disability could not be definitely ascertained at that time, and on November 8, 1923, after hearing had, a final order was made by the commission awarding the complainant compensation for a period of 500 weeks, the limit provided by law for total permanent disability, and from this order the plaintiffs in

error, hereinafter designated as "defendants," appeal.

Defendants assign as error, the following: The award is contrary to law—to the evidence—and is not supported by any legal evidence. Section 7290, Comp. Stat. 1921, provides in part as follows:

"In case of total disability adjudged to be permanent, fifty per centum of the average weekly wages shall be paid to the employe during the continuance of such total disability, not exceeding 500 weeks. Loss of both hands, or both feet, or both legs, or both eyes, or any two thereof shall in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts."

The section further provides that loss of the use of * * * leg * * * shall be considered as the equivalent of the loss of such * * * leg, * * * etc.

Section 7294, Comp. Stat. 1921, provides:

"The decision of the Commission shall be final as to all questions of fact, and except as provided in section 7297, of this article, as to all questions of law."

Stephenson v. State Industrial Commission, 79 Okla. 228, 192 Pac. 580; Francis Vitric Brick Co. v. Industrial Commission, 76 Okla. 314, 185 Pac. 525; Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666; Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750; Booth and Flynn v. Cook, 79 Okla. 280, 193 Pac. 36; Mullen v. Mitchell, 81 Okla. 201, 197 Pac. 171.

In construing this section of the statute in Producers Lumber Co. v. Butler et al., 87 Okla. 172, 209 Pac. 738, this court held:

"The decision of the State Industrial Commission is made final as to all questions of fact, but this is so only when there is some evidence to support such decision, and, where there is no evidence to support such finding and decision, the same may be reversed as a matter of law."

With this interpretation before us, and considering the evidence in a light most favorable to the claimant, we find he was employed as a "rig builder" which occupation necessitated the carrying of heavy loads, climbing rigs, and moving about quickly. His injury according to the testimony of numerous physicians consisted of having the head of the femur (the long bone of the upper leg) pushed upwards into the pelvic cavity, thus fracturing the right pelvic bone. Examination of the injured man was had and X-ray photos taken, and on March 23, 1923, a hearing was had and an award made, but such award was not final as the physicians stated they were incapable at that time of definitely stating the extent of complainant's disability. In November, 1923, further hearing was had and a final award made, allowing the complainant compensation for a period of 500 weeks for permanent total disability. The physicians testified that he, complainant, had not lost complete or total use of his leg, the proportion of lost use of the leg being estimated at from 50 to 90 per cent.

Dr. West testified complainant could bend over and touch the floor with his fingers and did not seem to complain except when the leg was in extreme positions; that the pelvis was strong now, but he was not able to climb. Dr. McBride testified that it would be a mistake at this time to say this man is totally disabled, that he had lost 50 per cent. of the use of the leg. That the leg and pelvis were in a state of activity and repair, and did not find any destruction there. Dr. Cunningham testified that "he couldn't say the man would be able to be on his feet all day. Looks like he is in fairly good health, and should get a complete recovery with only a slight loss of motion in his hip, not a total loss."

The court asked the following questions:

"Q. Do you keep in mind that this man is required to use his leg by carrying heavy loads, moving quickly and climbing. Has he use of his leg for carrying heavy loads, climbing and moving quickly? A. He might carry a reasonably heavy load but he wouldn't be able to climb or move quickly. By the Court: We always confine ourselves to the occupation."

Dr. Blesh stated·

"He found a perfectly healthy appearing man, large in stature, walking with a limp, and in all probability he will improve, think he has improved since March, 1923."

The questions propounded by the court and the expression of the commissioner relative to their confining themselves to the inquiry as to whether the claimant was suffering permanent total disability to engage in the occupation followed by claimant at the time of injury, plainly presents a misconception of the intent of the lawmaking body. Section 7290, Comp. Stat. 1921, after providing for compensation for total permanent disability for a period of 500 weeks, and for the loss of a leg or the use thereof, compensation for a period of 175 weeks, further provides for loss of hearing or disfigurement of head, face or hands. Compensation shall be payable in an amount to be determined by the commission, but not in excess of $3,000 and, "In all other cases in

this class of disability the compensation shall be fifty per centum of the difference between his average weekly wages and his wage earning capacity thereafter in the same employment or otherwise." and to give to the statute, the construction apparently placed upon it by the commission, would be tantamount to an amendment of the statute by judicial determination by risking therefrom the word, "otherwise," or making the same idle and nugatory

"A statute will be given a construction which renders every word operative, rather than one which makes some words idle and nugatory." Kansas City Southern Ry. Co. v. Wallace. 38 Okla. 233, 132 Pac. 908; Bohart et al v. Anderson, 24 Okla. 82, 103 Pac. 742; Walton, Mayor, v. Donnelly, 83 Okla. 233, 201 Pac. 367; Matthews v. Rucker, 67 Okla. 218, 170 Pac. 492.

It is easy to conceive a man suffering an injury to his leg and hip who can bend over, touch the floor with his fingers, is capable of carrying reasonably heavy loads, when the injured leg is forced into an extreme position, otherwise engaged in work as remunerative as "rig building" where climbing and active movement is necessary, and while his ability to command as high a wage while "otherwise" employed would not deprive him of his right to compensation for a period of 175 weeks for the loss of the use of his leg, certainly such a man is not suffering a total permanent disability. At page 820, Ruling Case Law, it is said:

"It may be said, however, generally, that incapacity or disability cannot be found to be total where it appears that the claimant's earning power is not wholly destroyed, and that he is still capable of performing remunerative employment. In such a case he is under the obligation of making active efforts to procure such work as he can still perform."

The language of the Oklahoma statute relative to disability is identical with the New York Act, and the court of last resort of New York in construing the act said: "It allows compensation only for loss of earning power." Jensen v. S Pac. Ry. Co. (N. Y. App.) 109 N. E. 600, 9 C. C A, 286. "An injured employe unable to do his regular work, but who could and did do other work, was not entitled to an award for full compensation under Workmen's Compensation Law. sec. 15, subds. 3, 4." McNerney v Heller et al. 192 N. Y. Supp. 882. Sullivan's Case (1914) 218 Mass. 141, 105 N. E. 463: Camp Spring Mill Co. v. Industrial Commission (Ill.) 134 N E. 30; Benton Coal Co. v. Industrial Commission et al. (Ill.) 134 N. E. 37; Chicago-Sandoval Co. v. Industrial Commission (Ill.) 134 N. E. 158.

In Old Ben Coal Corp. v. Industrial Commission (Ill.) 134 N. E. 74, the testimony tending to prove that prior to the accident complainant was a strong, able-bodied man, but after the accident he could not sleep on his left side, but might be able to do work requiring little bending and could not walk very far, the court in reversing an award for total permanent disability said:

"It is apparent from this testimony and the results shown by the X-ray pictures that while the ability of the applicant to work has been much reduced, there was no competent evidence upon which to base a finding of total permanent disability."

In reversing an award for total permanent disability the Supreme Court of Illinois, said:

"Such an award is justified only in case the employe is rendered wholly and permanently incapable of work, by the injury. The burden is on the applicant to establish this by competent evidence." Chi. Sandoval Coal Co. v. Industrial Commission, supra.

The rule laid down in the foregoing cases is equitable and just and works no injury to the injured party, and any other interpretation might open the door for abuses, not contemplated by the framers of the statute, and the commission in so construing the law, as to confine its application to claimant's "disability to engage in the same employment" has fallen into error. Before the Commission is justified in making an award, there must be competent evidence to support it. Producers Lumber Co. et al. v. Butler et al., supra.

While the statute (7290, supra) provides that, "in all other cases permanent total disability shall be determined" by the facts, the facts can only be obtained from the evidence adduced from the witnesses as in any other civil action, and the commission must be bound by the evidence, and by that alone, and there being evidence tending to prove the complainant has suffered the loss of the use of one leg, and the record disclosing no evidence of total permanent disability. the award of the commission should be reversed and this cause remanded to the commission with instructions to vacate the award of compensation for total permanent disability, and to award the complainant compensation for the loss of the use of his leg for a period of 175 weeks.

By the Court: It is so ordered.