**WEATHERMAN v. STATE INDUSTRIAL COMMISSION et al.**

No. 16331—Opinion Filed Oct. 20, 1925.

Petition for Rehearing Withdrawn March 16, 1926.

1. **Master and Servant — Workmen's Compensation — Findings of Facts — Conclusiveness.**

A finding of fact made by the Industrial Commission upon issue of fact involved in the trial of a cause is final, and this court is not authorized to weigh the evidence on a review of a judgment to determine the sufficiency thereof.

2. **Same—Award of Less Than Asked Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the Rock Island Coal Mining Company.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Proceedings commenced in the Supreme Court by John Weatherman against the Rock Island Coal Mining Company to review an award made in his favor by the Industrial Commission. Affirmed.

Hulsey, Null & Hulsey, for petitioner.

W. R. Bleakmore and John Barry, for respondents.

Opinion by STEPHENSON, C. John

Weatherman suffered an injury arising out of and in the course of his employment with the Rock Island Coal Mining Company on August 7, 1923. The cause resulted in the following findings of fact by the Industrial Commission:

(1) That as the result of the accident, the claimant sustained an injury to his lung and a fracture of the femur of the right leg; that he has recovered from his injury to his lung, and that the fracture of the femur has resulted in the total, permanent loss of the use of his leg; that said claimant has sustained no permanent injury as the result of said accident other than the loss of the use of the right leg.

The commission found that claimant's average daily wage at the time of his injury was $7.50, and awarded the claimant compensation at the rate of $18 per week for a period of time not to exceed 175 weeks. The claimant filed his proceedings in this court within the time provided by statutes to review the judgment had before the Industrial Commission.

The claimant submits the proposition that the evidence shows that he suffered a total, permanent disability and is entitled to a compensation of $18 per week for a period of 500 weeks. The finding of the commission is opposed to the conclusions that the petitioner would have us draw from the evidence.

The claimant testified in part as follows in the trial of the cause:

"Q. Does that injury affect any other part of your body except your leg? A. I do not know of anywhere else with the exception that I am very nervous, but do not know if this is caused from my leg."

The commission found that the injury to the lung had entirely healed.

The propositions submitted by the claimant involve an examination of the evidence and the weighing of the evidence to determine the sufficiency thereof to support the findings made in the trial of the cause. The findings of fact made in this cause were based upon disputed questions of fact, which were heard and tried before the Industrial Commission. The findings and judgment based upon the disputed questions of fact are final, and this court is not authorized to weigh the sufficiency of the evidence to support such findings and judgment. The commission found that the claimant had sustained no permanent injury, other than the loss of the use of his right leg. This court is bound by the findings of fact made by the

commission. Grace v. Vaught, 108 Okla. 187, 235 Pac. 590; Rector v. Roxana Petroleum Co., 108 Okla. 122, 235 Pac. 185; Scruggs Bros. and Bill's Garage v. State Industrial Comm., 94 Okla. 187, 221 Pac. 470; Sun Coal Co. v. State Industrial Comm., 84 Okla. 164, 203 Pac. 1042.

A question similar to the one involved here was considered in the cases of Integrity Mutual Casualty Co. v. Garrett, 100 Okla. 185, 229 Pac. 282; Uhrina v. Rock Island Coal Mining Co., 100 Okla. 130, 227 Pac. 841, which disposed of the question adversely to the contentions made by the petitioner in this case.

It is recommended that the judgment of the commission be affirmed.

By the Court: It is so ordered.

Note.—See under 1) Workmen's Compensation Acts, C. J. p. 122, § 127; anno. L. R. A. 1917D, 186 et seq.: 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. pp. 1871, 1872; 5 R. C. L. Supp. pp. 1580, 1581. (2) Workmen's Compensation Acts, C. J. p. 122 § 127.