## WELCH v. MORRIS & CO. et al.

No. 17981. · Opinion Filed June 5, 1928.

(Syllabus.)

**Master and Servant—Workmen's Compensation Law—Appeal—Conclusiveness of Findings of Fact.**

The findings of fact by the State Industrial Commission are conclusive upon this court and will not be reviewed by this court where there is any competent evidence to support the same.

Action by Thomas Welch against Morris & Company et al. to review order of State Industrial Commission refusing to reopen case and award further compensation to claimant, Welch. Affirmed.

Breck Moss, for petitioner.

Keaton, Wells & Johnston, Edwin C. Dabney, Atty. Gen., and Fred Hanson, Asst. Atty. Gen., for respondents.

RILEY, J. This is a review of an order of the State Industrial Commission, dated November 5, 1926. The order decrees that there is no change in condition since previous orders discontinuing compensation and refuses to review the previous award made.

The injury occurred July 12, 1924. The claimant was employed in a packing plant. According to claimant's evidence, while pulling a rope broke, he fell backward, striking his head upon an iron wheel. After a short unconsciousness he was nauseated. He went home, and later he entered the hospital. On July 23, 1924, he left the hospital and returned home. There was no physical evidence, by X-ray or otherwise, of brain injury, except different observations as to the "station" (Romberg's sign) : Dr. Leroy Long —"Not very good" (211) ; Dr. A. D. Young —"None (R. 12) ; Dr. Lamotte—"Normal"

(289) ; Dr. Griffin—"Slight suspicion of Romberg" (R. 182).

There were five hearings before the Commission. On hearing January 6, 1925, resulting in order of January 9, 1925, it was found the claimant was able to perform light work. Compensation at $18 per week from November 28, 1924, to January 6, 1925, was ordered, plus medical expenses incurred. The respondent's motion to discontinue compensation was overruled. On hearing June 12, 1925, resulting in order of June 25, 1925, it was found that the respondent had given claimant light work and paid compensation in the difference of wages as ordered January 9, 1925. Compensation was ordered from May 5th to June 12th, and the motion of respondent to discontinue compensation was overruled. On hearing September 25, 1925, resulting in order of October 2, 1925, it was found the claimant had returned to work and had worked nine hours after June 12th, and had discontinued work voluntarily ; that claimant was not suffering from disability due to the accident of July 12, 1924, and the motion of claimant to determine extent of disability was overruled. On hearing October 29th, the Commission affirmed the order of October 2d, and found the motion of claimant to review was not supported by the evidence. On hearing December 29, 1925, resulting in order of December 29, 1925, the Commission overruled the motion of claimant to vacate the previous orders. On hearing September 30, 1926, resulting in order of November 5, 1926, the Commission considered the motion of claimant to reopen the cause and award further compensation and found there was no change in claimant's condition as compared with the same on October 2, 1925, and it was ordered that the motion of claimant to reopen the case be denied.

Dr. Young testified that he observed claimant at St. Anthony's Hospital from November 13, to November 18, 1924, and afterward at his office on two occasions ; that there was no pathology, and that the claimant was able to resume work, and that such was the opinion of the witness now.

Dr. Buchanan so testified as to his examination in 1924, and on occasion "just prior to the 20th of last month, he was sent down by the Commission to see if he was any better or any worse" ; that he did not find any condition that existed then that didn't exist at the first examination.

The claimant testified that he drove his car and did light work about his house.

Dr. LaMotte testified that from his ex-

amination at the time of the accident he found no symptoms of disability other than subjective, and that claimant was able to resume light work then. There were no objective symptoms.

Such was the testimony of Dr. Blesh.

Dr. Griffin, of Norman, on April 14, 1926, reported that he was not satisfied with his analysis of the claimant's condition, and recommended as treatment: "Dispose of litigation; give suitable employment." Dr. Griffin further testified by deposition upon claimants motion to review award and order under grounds of change in condition since June 14, 1925, that if this man was put back to work he would have to make some effort himself to get back to normal, but with proper effort and co-operation on his part he would not be long in getting back to competency.

The last complete hearing was held September 30, 1926. Dr. Long testified claimant was then able to do light work; that any pathology sufficient to interfere with claimant's work would have to develop within a year, and development subsequently would not be responsible to make him quit work at the end of a year.

Dr. Long did testify that, considering the history of the case as true, claimant could not engage in an occupation similar to that in which he was employed at the time of his injury.

Dr. LaMotte testified:

"My opinion has been all along that Mr. Welch is able to work. We tried to be as fair as we could with the man, and I never, at any time, could find anything that was wrong, any physical reason. I will admit that he said all along he had headaches, but I never found any physical evidence of any injury in any way. Fearing I might be wrong, I told him to go let Dr. Young look at him, that he was a nerve specialist, and if he said there was anything wrong with him, I would agree to it, because I thought he was very competent."

In Mullen Coal Co. v. Scavage, 87 Okla. 31, 208 Pac. 771, it was held:

"By the provisions of section 10, of article 2, of the Workmen's Compensation Law (chapter 246, Sess. Laws 1915), the decision of the State Industrial Commission is made final as to all questions of fact, and on appeal to this court from an award of the Industrial Commission, the court is without jurisdiction to weigh the evidence for the purpose of determining whether the same preponderates in favor of or against the findings of fact made by the Industrial Com-

mission." Board of Com'rs of Cleveland County v. Barr, 68 Okla. 193, 173 Pac. 206; Francis Vitric Brick Co. v. State Indus. Com., 76 Okla. 314, 185 Pac. 525; Stephenson v. State Indus. Com., 79 Okla. 228, 192 Pac. 580; Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750.

From our review of the evidence before the Commission, we cannot say there was an entire lack of evidence to support the order made. It is true that pre-eminently qualified experts were of the opinion that claimant might be suffering from contusion of some kind and so rendered unfit to do his usual labor. Other witnesses with admitted qualifications testified that from their early examinations and from more recent examinations, the injury to claimant was not preventing performance of labor by him. Under the established rule, the findings and order of the Commission must be affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, and HEFNER, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 122, §127; anno. L. R. A. 1917D, 188; 30 A. L. R. 1277; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 7 R. C. L. Supp. p. 1011.