◼ In the Matter of the Claim of RONALD DOBERSTEIN, Respondent, v. FRED MARSHALL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workmen's Compensation Board, filed July 23, 1970. There is substantial evidence to support the board's finding that claimant had a " continuing causally related disability ". However, the board erroneously computed the rate of compensation to which claimant was entitled. While the board does not explicitly indicate that the award was based on a continuing total or partial disability, we must assume from the award rendered and the fact that no testimony can be found establishing claimant's earning capacity that the board considered claimant's disability total. There is, however, no substantial evidence in the record to establish a total disability. Concededly there is medical testimony from which the board could conclude that claimant is incapable of performing his duties as a groom, but the board cannot convert a partial occupational-related disability to a total disability solely because he could not perform those particular functions (*Matter of Thomas* v. *Kornblum & Co.*, 17 A D 2d 889). To do so claimant must attempt to secure, without success, some other employment (*Matter of Parrilla* v. *Leemar Knitting Mills*, 27 A D 2d 965; *Bello* v. *General Elec. Co.*, 204 App. Div. 613), or the medical evidence must indicate that he was completely unable to return to any employment, which is not the case here. The board is also not permitted to infer total disability for the period in question merely because claimant was totally disabled, as a result of the injury, immediately following the accident (*Matter of Lo Sauro* v. *Die Co.*, 10 A D 2d 740). Decision reversed, without costs, and matter remanded to the Workmen's Compensation Board for computation of the proper award for partial disability. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.