BOARD OF COM'RS OF CLEVELAND COUNTY v. BARR et al.

No. 9278—Opinion Filed May 21, 1918.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation Act—Decision of State Industrial Commission.**

Under the provisions of section 10, art. 2, of the Workmen's Compensation Act (Laws 1915, c. 246), the decision of the State Industrial Commission is final as to all questions of fact.

2. **Highways—County Commissioners—Improvement of Roads—Statute.**

Section 5, art. 2, c. 173, Session Laws of 1915, confers upon the boards of county commissioners of the respective counties of this state authority to improve the state roads provided for in said act, "either by contract or voluntary subscription, convict or other day labor, or by force account."

3. **Same—Discretion as to Labor.**

Where a board of county commissioners is engaged in improving a road lawfully designated as a state highway, and where the law under which said highway is being improved authorizes the employment of day labor, but does not prescribe the mode of exercise of the power thus granted, the board has discretion to adopt any mode reasonably well adapted to the end proposed.

From an order of the Industrial Commission awarding compensation under the Workmen's Compensation Act to George T. Barr, the Board of County Commissioners of Cleveland County appeals. Award affirmed.

Tom Cheatwood and J. D. Grigsby, for appellant.

S. P. Freeling, Atty Gen., R. E. Wood, Asst. Atty. Gen., and Welty, McLaury & Hopps, for respondents.

RAINEY, J. George T. Barr, one of the respondents, received serious injuries while working on a road in Cleveland county which had been lawfully declared a state highway by the board of county commissioners of said county under the provisions of chapter 173, Session Laws of 1915, for which injuries the State Industrial Commission awarded him 100 weeks' compensation for the loss of an eye, and 20 weeks' compensation for temporary total disability of his arm, all at the rate of $8.65 per week. From this award the petitioner, the board of county commissioners of Cleveland county, has appealed to this court in the manner provided by law.

Counsel for petitioner has presented only one assignment of error in his brief, which is as follows.

"That said petitioner alleges that the said State Industrial Commission committed error of law in finding that respondent, George T. Barr, was an employe of Cleveland county, state of Oklahoma, at the time of the alleged injury, and that his engagement to do blasting upon the state highway in Cleveland county, state of Oklahoma, by E. E. Brown, was under authority of law, and that the same was ratified by the board of county commissioners of Cleveland county."

Under rule 6 (75 Okla. vi, 165 Pac. vii) of the rule provided by this court governing appeals from the State Industrial Commission, the question presented by the petitioner arises upon the record and proceedings had before the Industrial Commission.

It is provided in section 10, art. 2, of the Workmen's Compensation Act that the decision of the Industrial Commission shall be final as to all questions of fact. Since it is conceded that George T. Barr was engaged in work on a state highway being improved under the directions of the board of county commissioners of Cleveland county, the only question presented by the appeal is whether the commission erred, as a matter of law, in holding that the said George T. Barr was an employe of Cleve-

land county while pursuing the work in which he was engaged at the time of his injuries. The facts pertinent to a decision of this question, as found by the commission, are disclosed from the following excerpt of the commission's opinion prepared by Commissioner Jackson:

"This leaves the only issue for the attention of the commission, Was claimant at the time of the injury an employe of Cleveland County? Claimant's testimony clearly shows that he was. In this he is corroborated by both E. E. Brown and J. J. Ward; J. J. Ward being county commissioner of that district. It seems clear under the proof that claimant was working in good faith upon the public roads of Cleveland county; that he was employed by Brown and with the knowledge and consent of Commissioner Ward and Road Overseer Howell, though under our view Howell's consent was unnecessary. The further fact that there was an understanding that there was an agreement between the three commissioners of this county as follows: Each commissioner was to look after and have charge of road work in his district. That when the commissioner in his district wanted anything done to go ahead and we would stand up for each other's act, and this agreement was always carried out—these facts, with the additional fact that the account of Barr against Cleveland county shows two half days for handling powder, $3, O. K.'d by the county engineer and assigned to J. J. Ward, audited and allowed December 10, 1915, and the fact that this sum was eventually paid by a claim made out by J. J. Ward and allowed by the board out of the poor and insane fund, does prove, as contended by counsel, that it was not made to an employe but an indication that the board recognized the agreement made with each other. * * * There is nothing in the testimony to show that the county commissioner, J. J. Ward, was not acting in good faith and within his rights when he recognized the employment of claimant. The acts of the board indicate that the actions of Ward were found all right and ratified by them."

We cannot agree with counsel for petitioner that the board of county commissioners of Cleveland county did not have authority to employ day labor on the county road of said county. In support of this view counsel express the opinion that, although section 7590, Rev. Laws of Oklahoma 1910, empowering the board of county commissioners to purchase teams, vehicles, machinery, tools, etc., as may be necessary for the employment of convict or other labor upon public roads and pay for the same out of the county road and bridge fund, was not expressly repealed by the Highway Law as found in chapter 173, Session Laws of 1915,

supra, the same was repealed by implication by the provisions of article 5, thereof. We find it unnecessary to say whether said section 7590 has been repealed by implication, for the reason that section 5, art.. 2 of the Highway Law confers upon the boards of county commissioners of the respective counties of this state authority to improve the state roads as provided for in said act "either by contract or voluntary subscription, convict or other day labor, or by force account."

It is contended, on the authority of Dolezal v. Bostick, 41 Okla. 743, 139 Pac. 964, Board of County Commissioners v. Seawell, 3 Okla. 281, 41 Pac. 592, and Nolan v. Board of County Commissioners, 51 Okla. 320, 152 Pac. 63, that the only way in which Barr could have been legally employed by the board of county commissioners of Cleveland county to work on a state highway in said county was by the commissioners sitting as a board, and that the employment of Barr by one of the members in the absence of the others did not bind the county. We have no fault to find with the decisions in the cases cited by counsel for petitioner as applied to the circumstances of those cases, but the rule announced in the above cases does not apply to the instant case, which is similar to and governed by the case of Ticer v. State, 35 Okla. 1, 128 Pac. 493. In that case County Commissioner Ticer personally supervised the construction of a road between two townships, hiring a chain carrier, whose services were paid for by Commissioner Ticer out of his own funds, just as Commissioner Ward paid Mr. Barr in the case under consideration. The board of county commissioners in that case, as in this case, ordered that the commissioner be reimbursed for the money so paid by him. In holding that it was lawful for the board of county commissioners to reimburse Commissioner Ticer, this court, in its opinion by Mr. Justice Williams, said:

"It was the duty of the county commissioners to lay out this road. In order to do that, it was necessary to survey the same. In order to have it surveyed, it was necessary to have a chain carrier, and they were authorized to employ and pay such chain carrier. It was permissible for them to empower one of their members to make such employment. House v. Los Angeles County, 104 Cal. 73, 37 Pac. 796. The plaintiff in error, having paid the chain carrier who had a valid claim against the county for labor previously performed, was subrogated to the rights of the chain bearer. Throop on Public Officers (1892) § 45, p. 51; Bliss

v. Lawrence, 58 N. Y. 442, 17 Am. Rep. 273; Stephenson v. Walden, 24 Iowa, 84."

Laws must be given a reasonable construction, and although a board of county commissioners is bound by the provisions of laws defining and limiting its power, yet where the mode of exercise of a power granted is not prescribed, the board has discretion to adopt any mode reasonably well adapted to the end proposed. Morse v. Granite County et al., 44 Mont. 78, 119 Pac. 286.

As we have already seen, the board of county commissioners of Cleveland county was authorized to improve the state highway by contract or voluntary subscription, or convict or other day labor, and it seems to us that in the improvement of a state highway which had already been duly laid out by the board of county commissioners and approved by the state highway department in the manner provided by law, the Legislature never intended such an impracticable procedure as would require the board, before employing any individual teamster or other laborer, to convene and to do so sitting as a body. A more reasonable mode and practical way in which to do the work, after it had once been authorized, would be to have some one in charge of the work who would have the right to employ and discharge the men during the progress of the work as circumstances required, in order to promote the practical construction or improvement of the road, and thus subserve the best interests of the county.

We are therefore of the opinion that the award of the Industrial Commission should be, and the same is, affirmed.

All the Justices concur.