## RAULERSON v. STATE INDUSTRIAL COMMISSION OF OKLAHOMA et al.

No. 10496—Opinion Filed September 16, 1919.

(Syllabus by the Court.)

**Master and Servant—Industrial Commission —Review by Original Suit.**

In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. Their decision as to all matters of fact is final.

An original suit by John Raulerson against State Industrial Commission and others in this court appealing from an award made by the State Industrial Commission. Dismissed.

Wilson, Tomerlin & Buckholts, for plaintiff.

S. P. Freeling, Atty. Gen., R. E. Wood, Asst. Atty. Gen., and Twyford & Smith, for respondents.

HIGGINS, J. Suit was instituted in this court by plaintiff wherein he complains of an award of the State Industrial Commission, for the reason that the award is inadequate to compensate him for the injuries received by him.

He states that he was employed by the Tulsa Boiler and Sheet Iron Works, and while in its employ, sustained an injury to his foot; that after his injury a settlement was had with him, but owing to his immaturity of age, he being a minor, the settlement was inadequate; that the settlement was confirmed by the commission; that thereafter he discovered that he was more or less permanently injured, made application to the commission to have the award set aside, whereupon, by order of the commission, the case was reopened and upon further hearing, the commission made an order denying the application to set aside the award previously made, whereupon th's suit was commenced.

The defendant contends that the award by the commission in passing upon matters of fact is final and not subject to a suit of this kind. In section 10, art. 20, of chapter 246, Sess. Laws 1915, in defining the powers of the State Industrial Commission, it is provided:

"The decision of the Commission shall be final as to all questions of fact, and except as provided in section 13 of this article, as to questions of law."

In Board of Commissioners v. Barr, 68 Oklahoma, 173 Pac. 206, it is held:

"Under the provision of section 10, art. 20, of the Workmen's Compensation Act, the decision of the State Industrial Commission is final as to all questions of fact."

This suit is instituted upon the theory that the commission has erred in not allowing adequate compensation; that the wounds inflicted justify a greater compensation. This is a question of fact, and the law as laid down in Board of Commissioners v. Barr, supra, is controlling.

Therefore, this suit is hereby dismissed.

OWEN, C. J., and PITCHFORD, McNEILL, and SHARP, JJ., concur.