**CHOCTAW PORTLAND CEMENT CO. et al. v. LAMB et al.**

No. 10494—Opinion Filed March 23, 1920.

(Syllabus by the Court.)

1. **Master and Servant—Workmen's Compensation—State Industrial Commission —Continuing Jurisdiction.**

The power and jurisdiction of the State Industrial Commission under the Workmen's Compensation Law (chapter 246, Sess. Laws 1915) over each case submitted to it are continuing, and the commission may, from time to time, make such modification or change of its former findings or orders relating thereto as, in its opinion, may be just, and under section 12, art. 2, of said act the commission may at any time, upon its own motion or upon the application of any party in interest, on the ground of a change in conditions, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act.

2. **Appeal and Error—Scope of Review— Decisions of Industrial Commission.**

The decision of the commission is final as to all questions of fact, and this court is not authorized to weigh the evidence upon which any finding of fact is based.

3. **Master and Servant—Workmen's Compensation—Loss of Arm.**

Where an injury inflicted upon an employe caused the loss of the use of the entire arm, it is equivalent to the loss of the arm, and the claimant is entitled to the compensation provided by the act for the loss of an arm, although the amputation of the arm was between the elbow and the wrist.

4. **Same—Claim for Injuries—Time for Application.**

Where an employe files an application for compensation, on account of an injury to his hand, within a year after receiving said injury, as provided by section 17, art. 2, of the Workmen's Compensation Act, but at the time of making such application the extent of the injury was not appreciated and it did not then appear that claimant would lose the use of his arm as a result thereof, under the continuing power and jurisdiction of the commission, as conferred by section 12, art. 2, and section 14, art. 4, his application for an increase of the award on account of loss of the use of his arm growing out of the injury on which his first claim was based was not barred, although not filed within a year after receiving the injury.

Appeal from Order of State Industrial Commission.

Andrews & Anderson, for petitioners.

RAINEY, J. This is an appeal by the petitioners, Choctaw Portland Cement Company and Commercial Underwriters Exchange, from an order of the State Industrial Commission in reopening and making a new award to one Short Lamb, who was injured while in the employ of the first-named petitioner. It appears from the record that there have been three awards in this case; the first having been made on October 8, 1917, the second on March 8, 1918, and the one appealed from on January 27, 1919.

It is first asserted by petitioners that under section 12, art. 2, of the Workmen's Compensation Act it is a condition precedent to the right of the commission to reopen an award that there must have been a change in conditions, and that under the evidence in this case it is conclusively shown that there was not any change in the conditions. The section referred to reads as follows:

"Upon its motion or upon the application of any party in interest, on the ground of a change in conditions, the commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall state its conclusions of fact and rulings of law, and shall immediately send to the parties a copy of the award. No such review shall affect

such award as regards any money already paid."

The commission found that there had been a change in conditions, and the act provides that the decision of the commission shall be final as to all questions of fact. It is unnecessary for us to express an opinion on the proposition of law advanced by counsel that a finding of a court or jury, which is without support in the evidence, presents a question of law rather than of fact, for there is some evidence in this record supporting the findings of the commission that there had been a change in conditions, and this court is not authorized to weigh the evidence upon which that finding is based. Moreover, the jurisdiction of the commission to modify or change its previous findings or orders is not determined solely by the above-quoted provision, for there is another provision, namely, section 14, art. 4, which provides that the power and jurisdiction of the commission over each case shall be continuing and that the commission may, from time to time, make such modifications and changes of its former findings or orders relating thereto as, in its opinion, may be just, including the right to make physical examination as provided by section 9, art. 2, of the act. It is obvious, from the language of this section, that it was the intention of the Legislature that the power and jurisdiction conferred on the commission by the act should be broad and comprehensive. We will not construe the act to subvert the manifest purpose of the Legislature, as it seems to us that this broad and comprehensive jurisdiction was wisely conferred, since, under the act, the injured employe must file his claim for compensation with the commission within one year after he is injured, or his claim for compensation, under the act, is forever barred. Section 17, art. 2, Sess. Laws 1915.

It is a well-known fact that the nature and probable effect of an injury, in many cases, cannot immediately be determined by the most proficient physicians or surgeons, and we are confident that the Legislature had this fact in mind when it provided in section 14, art. 4, for subsequent physical examinations, and conferred jurisdiction on the commission to modify or change its former findings or orders. The provision thus serves as a protection both to the employer and employe, and enables the commission to change its findings and orders to effectuate justice where the amount previously awarded was either too large or too small, or where the commission had previously erred in fixing the compensation through mistake or because of fraud practiced upon it. The facts of this case prove the wisdom of the provision. When the first order was made the extent of claimant's injury was not determinable by the commission; when the second order was made the claimant's hand had been amputated, and it appeared to the commission that the extent of his injury was the loss of his hand, but when the last order was made it appeared to the commission, from the evidence, that the claimant was more seriously injured, and that he had lost the use of his arm.

This brings us to a consideration of counsel's second proposition, which is, in effect, that the commission erred in holding that the amputation of claimant's arm between the wrist and elbow was equivalent to the loss of the arm. If we clearly understand counsel's contention in this respect, it is that inasmuch as the evidence shows that the claimant's arm was amputated between the elbow and the wrist, his right to compensation is governed by that clause of section 6, art. 2, ch. 246, Sess. Laws 1915, which reads as follows:

"Amputations between the elbow and the wrist shall be considered as the equivalent of the loss of a hand. * * * Amputation at or above the elbow shall be considered as the loss of an arm. * * * The compensation for the foregoing specific injuries shall be in lieu of all other compensations, except the benefits provided in section 4 of article 2 of this act. * * *"

Under this same section of the act the claimant is entitled to 50 per centum of his average weekly wages for 250 weeks for the loss of an arm. Immediately preceding the above-quoted provision is the following:

"Loss of Use: Permanent loss of use of a thumb, finger, toe, arm, hand, foot, leg, or eye, shall be considered as the equivalent of the loss of such thumb, finger, toe, hand, arm, foot, leg, or eye."

These provisions of the act must be construed together, if possible, so that they will both stand. We can readily do this because we do not perceive any conflict therein. An amputation between the elbow and the wrist, where it does not also cause the loss of the use of the remaining part of the arm, only entitles the claimant to compensation for the loss of a hand, but where the injury inflicted causes the loss of the use of the entire arm, under the law it is equivalent to the loss of the arm, and the claimant is entitled to compensation provided therefor. A similar question was recently decided by this court in Bristow Cotton Oil Co. et al. v. State Industrial Commission et al., 77 Okla. 316.

The cases of Shinnick v. Clover Farms Co., 154 N. Y. Supp. 423, 9 N. & C. C. 342; H. K.

Toy & Novelty Co. v. Richards (Ind.) 117 N. E. 260; Northwestern Fuel Co. v. Leipus (Wis.) 152 N. W. 856; and Marhoffer v. Marhoffer, 220 N. Y. 543, 116 N. E. 379, are not in point here, for the reason that they involve a consideration of Workmen's Compensation Acts which do not contain provisions similar to those provisions of our act that are determinative of the question raised.

The remaining specification of error argued by counsel for petitioners is that claimant's claim is barred under section 17, art. 2, because he did not file an application for the loss of the use of his arm within one year after he was injured. We do not concur in this view. The respondent did file his claim for compensation within a year, but at the time it was filed it did not appear that he would lose the use of his arm. Having filed a claim within the time provided by the act, we are of the opinion that under the continuing power and jurisdiction of the commission, as conferred by section 14, art. 4, supra, and section 12, art. 2, supra, his claim for the loss of his arm growing out of the injury on which his first claim was based was not barred.

Finding no reversible error in the record, the judgment is affirmed.

OWEN, C. J., and KANE, PITCHFORD, JOHNSON, and BAILEY, JJ., concur.