## STEPHENSON et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 11086—Opinion Filed Sept. 21, 1920.

(Syllabus by the Court.)

1. **Master and Servant—Workmen's Compensation Law—Mode of Payments of Awards.**

Workmen's Compensation Law, section 15, art. 2, c. 246, Sess. Laws 1915, provides that: "Compensation under the provisions of this act shall be payable periodically, in accordance with the method of payment of the wages of the employe at the time of his injury, and shall be so provided for in any award; but the commission may determine that all payment or payments may be made monthly or at any other period as it may deem advisable. The commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump-sum payments, provided the same shall be in the interest of justice."

2. **Same—Duration of Incapacity a Question of Fact—Appeal.**

Under the foregoing section, in an action for compensation, the duration of incapacity is a question of fact to be determined as other questions of fact are determined, and a challenge of the correctness of the commission's conclusion respecting the duration of incapacity will be considered on appeal in the same way as other challenges of a similar nature.

3. **Same—Questions of Fact—Finality of Commission's Decision.**

Under the provisions of section 10, art. 2, of the Workmen's Compensation Act (Laws 1915, c. 246), the decision of the State Industrial Commission is final as to all questions of fact.

4. **Same—Mode of Payment of Award.**

The Workmen's Compensation Act, sec. 15, art. 2, supra, confers express power upon the commission to order the payment in one or more lump sums instead of making an award of periodical payments. In every case the commission, when applied to for a lump sum payment, must exercise its judgment and discretion as to the best method of making compensation, in the light of all facts, and the result will not be disturbed on appeal except for an abuse of the power.

5. **Same—Judgment—Affirmance.**

Record examined, and held, that an award of compensation for total incapacity for the maximum period allowed by the Workmen's Compensation Act, and in a lump sum, will not be disturbed.

Appeal from order of the State Industrial Commission, awarding workmen's compensation to Robert Moncrieff, by A. E. Stephenson, the respondent, and the Maryland Casualty Company, insurance carrier. Affirmed.

Ross & Thurman, for petitioners.

F. W. Herndon, for respondent Robert Moncrieff.

S. P. Freeling, Atty. Gen., and R. E. Wood and E. L. Fulton, Asst. Attys. Gen., for respondent the State Industrial Commission of Oklahoma.

JOHNSON, J. This is an appeal from an order of the State Industrial Commission wherein Robert Moncrieff was the claimant; A. E. Stephenson, respondent; and the Maryland Casualty Company, a corporation, insurance carrier; and for convenience the parties will be hereinafter so referred to.

The respondent and insurance carrier present this appeal from the following order of the commission:

"Now on this 12th day of November, 1919, the above cause coming on for consideration on the application of claimant for a lump sum settlement, pursuant to a hearing held in Oklahoma City, Oklahoma, on the 29th day of October, 1919, at which hearing claimant appeared by his attorney, F. W. Herndon, and respondent and insurance carrier by their attorney, J. S. Ross, and the commission having carefully considered the reports on file and being well and sufficiently advised in the premises finds:

"That under the award in this cause there has been paid or should have been paid to October 26, 1918, 56 weeks' compensation at the rate of $6.00 per week, leaving a balance of 444 weeks' due at the rate of $6.00 per week, being for the total sum of $2,664.00, the present worth of which is $2,353.73, and that it would be to the best interest of claimant and in the interest of justice that the said sum of $2,353.73 be paid claimant in a lump sum.

"It is ordered, that within twenty days from this date the insurance carrier or respondent pay to claimant any compensation that may be due up to October 26, 1919, and also pay in a lump sum $2,353.73, in full, final and complete settlement of this cause."

The record discloses that on September 16, 1918, the claimant, Robert Moncrieff, while in the employ of A. E. Stephenson, respondent, was injured in an elevator accident, and that on November 18, 1918, a claim for compensation was filed by the claimant, and the commission made and entered an award as for total temporary disability, and on August 12, 1919, on motion of the claimant to review the award made in his favor on November 18, 1918, the commission made and entered its order, finding that the injuries to claimant had resulted in permanent total disability, vacating the award of November 18, 1918, and awarding to the claimant 500 weeks' compensation at the rate of $6 per week, being for the total sum of $3,000, less any sum which had been paid to him under

the prior award. Of these findings and orders of the commission the respondent and insurance carrier make no complaint.

The record discloses that the payments on such award were made by them as ordered.

The respondent and insurance carrier urge as grounds for reversing the order of the commission appealed from:

1. "That the commission erred in making the said order for a lump sum settlement of the award made to the claimant in that said order was not made in accordance with the provisions of the statutes of the state of Oklahoma; that the said award was made without any showing whatever that the said award was for the best interest of the parties to said proceeding, or to the best interest of the claimant in said proceeding, and that the said order was in fact made not for the benefit of the injured workman, but was made for the benefit of the dependents of said workman in the event he should die.

2. "That it considered only the present value of fixed future payments, when, under the law, it should have taken into consideration the age of the claimant, his situation in life, his physical condition, the probability of his condition being so improved that disability might end before all weekly payments should become due, and also the claimant's reasonable life expectancy, together with the probability that the claimant might die before all of said weekly payments and compensation should become due.

3. "In that the said commission erred in making the said order for a lump sum settlement without any evidence that the same was for the benefit of either the claimant or the respondent and insurance carrier."

Section 15, art. 2, c. 246, Sess. Laws 1915, provides:

"Compensation under the provisions of this act shall be payable periodically, in accordance with the method of payment of the wages of the employe at the time of his injury, and shall be so provided for in any award; but the commission may determine that all payment or payments may be made monthly or at any other period, as it may deem advisable. The commission, whenever it shall so deem advisable, may commute such periodical payments to one or more lump-sum payments, provided the same shall be in the interest of justice."

The claimant's application for lump sum payment alleged:

1. "That the claimant has a family consisting of his wife and one child, and that the sum of $6.00 per week awarded this claimant is insufficient to provide the necessaries of life for himself and family at the present time, and, that while the claimant is permanently totally disabled for the performance of manual labor, his mind is still active and clear and he is capable of handling funds and making investments of advantage and has had experience in such matters and has been very successful in handling such matters. That if given the full amount of his compensation in a lump sum he will handle the same carefully and invest it or expend it judiciously and to his advantage, and he believes that he will be able to increase the amount thereof and at the same time secure a much larger sum therefrom than he now receives from the weekly payments now being paid to him.

"Wherefore, claimant asks that the total amount of the compensation awarded to him or which may be awarded to him upon his motion to review the award, be paid to him in a lump sum and for such other relief as the commission may deem just."

This application was verified by the claimant and fully supported by affidavits of six business men of the city of Enid. The respondent's and insurance carrier's objections to the claimant's application were verified and were as follows:

"Comes now insurance carrier, Maryland Casualty Company, and for its answer to the claimant's petition for a lump sum award, objects to this petition being allowed for the following reasons:

"First. That the claimant has not, in the opinion of the insurance carrier, made sufficient showing to warrant the allowance of a lump sum.

"Second. This claimant testified at the hearing held in Enid, on August 8, 1919, that he is in the possession of real estate to the value of $6.000.00, consisting of two houses, valued at $3,000.00 each; that he lives in one of the houses, and has an income of $420.00 a year from his other house. The insurance carrier calls your attention to the fact that this man owns his home, has no house rent expense, that he has an income of $35.00 a month from his other property, or $420.00 a year. The insurance carrier is paying him $6.00 a week as per the award of the commission, or $312.00 per year, a total income of $732.00 and house rent.

"Wherefore, insurance carrier believes that the petition of the claimant should be denied for the above reasons and respectfully requests that the commission, if it so desires, to set this petition for hearing, otherwise grant the prayers of the insurance carrier to deny the claimant's petition."

The claimant had, and filed with the commission at said hearing, a contract of purchase with the owner of lot 1, block 9, in Marshall & Gannon addition to the city of Enid, for a consideration of $2,600, and his affidavit as to his ownership of two houses and lots in the city of Enid, to wit, lot 2, block 14, Kenwood addition, and lot 2, block 1, Waverly addition to the city of Enid, showing that he had paid taxes on

the first described property for the year 1919 in the sum of $33.84, and the second, $32.04, and the sum of $18 for insurance on the same and the sum of $15.00 for repairs and upkeep on the same during the year 1919.

The record discloses that at the prior hearing had in said cause by the commission on August 8, 1919, the claimant testified that he was 64 years of age on the day he received the injuries complained of and that his disability on account of the injuries had been total ever since. Drs. Swank and B. T. Bitting testified on said former hearing that the claimant's injuries constituted total and permanent disability to perform labor. The record discloses that such testimony was before the commission and considered by it at the time it made the order complained of. This, we think, sufficiently answers and refutes the respondent's and insurance carrier's objection to the commission's order complained of—"that it considered only the present value of fixed future payments, when, under the law, it should have taken into consideration the age of the claimant, his situation in life, his physical condition, and the probability of his condition being so improved that disability might end before the weekly payments should become due, and also the claimant's reasonable life expectancy, together with the probability that the claimant might die before all of the said weekly payments and compensation should become due."

It is provided in section 10, art. 2, Workmen's Compensation Act, that the decision of the Industrial Commission shall be final as to all questions of fact. This court has so held in Francis-Vitric Brick Co. et al. v. State Industrial Commission et al., 76 Okla. 314, 185 Pac. 525; Board of Commissioners of Cleveland Co. v. Barr et al., 68 Oklahoma, 173 Pac. 206.

Counsel for the respondent and the insurance carrier say in their brief:

"That during the course of this proceeding from the time they received the notice of the accident to this day they have never had the slightest desire or intention to question the rights of the injured man to compensation or to avoid the liability for its payment. * * * It paid medical bills and compensation under the award of the commission until the said award was vacated by the order for a lump sum payment all without the slightest protest. * * * On this appeal we desire to present to the court for its decision two questions: First. Under the admitted facts and uncontradicted testimony in this cause, was the commission justified in ordering the insurance carrier and the respondent to pay compensation in one lump-sum payment? Second. Under the law of Oklahoma, should

the commission in commuting periodical payments to one lump-sum payment take into consideration the reasonable life expectancy of the claimant under all of the circumstances for the purpose of determining the number of payments which would otherwise be payable?"

We answer the foregoing questions in the affirmative. That part of section 15, supra, empowering the commission so to do, reads:

"The commission, whenever it shall deem advisable, may commute such periodical payments to one or more lump-sum payments, provided the same shall be in the interest of justice."

This provision seems clear and unambiguous. It leaves the matter of making an order for the payment of compensation in one or more lump sums entirely to the discretion of the commission, and express power is given to make such an order where it shall deem it advisable and in the interest of justice. The general rule of law is that where an inferior tribunal is clothed with the exercise of its discretion in making an order or in rendering a judgment in an action or making an award in a special proceeding, the judgment rendered or the award made will not be set aside on appeal unless it clearly appears that there was an abuse by such tribunal of its discretion in rendering the judgment or making the award complained of. Springfield Fire & Marine Insurance Company v. Griffin, 64 Oklahoma, 166 Pac. 431; Cunningham v. Cromley, 54 Okla. 266, 153 Pac. 860; Duncan v. Eck, 65 Oklahoma, 166 Pac. 121; Elms v. Arn, 59 Okla. 235, 158 Pac. 1150; Stainbrook v. Meskill, 52 Okla. 196, 152 Pac. 820; Kemmer v. Midland Oil Drilling Co., 229 Fed. 872; Gorrell v. Batelle (Kan.) 144 Pac. 244; Cain v. National Zinc Co. (Kan.) 146 Pac. 1165; Roberst v. Chas. Wolff Packing Co. (Kan.) 148 Pac. 413; Retuna v. Industrial Commission (Utah) 185 Pac. 535.

Counsel for the respondent and insurance carrier do not contend that the provision of the act (sec. 15, art. 2, c. 246, Sess. Laws 1915) does not authorize the commission to commute periodical payments to one or more lump-sum payments. Their position in relation thereto is stated in their brief as follows:

"It is apparent that it was contemplated by the Legislature that, as a general rule, compensation should be paid periodically, according to the method which was being followed in the payment of the employe's wages, but that in exceptional cases the commission might, if it deemed advisable, commute the payments to one or more lump-sum payments. In other words, when there was

some reason for so doing in a particular case the commission might commute the payments, but even then only when the same should be in the interest of justice. In a Minnesota case it was said: ' * * * All the authorities agree that the discretion, where it exists, to award a lump-sum judgment, should be sparingly exercised. In most cases it is much better for the workman and his family that the compensation be paid in installments corresponding to the payment of his wages. This is the plan of the act, and it is only in exceptional cases that the court should approve commutation.' State v. District Court, 134 Minn. 16, 158 N. W. 713. To the same effect is the case of Adams v. N. Y., etc., R. R. Co., 175 App. Div. 714, 161 N. Y. Supp. 919, the court saying: ' * * * It is not the purpose of the Legislature to authorize the commission to emasculate this feature of the law or to virtually repeal the provision that "Compensation under the provisions of this chapter shall be payable periodically by the employer, in accordance with the method of payment of the wages of the employe at the time of his injury or death, and shall be so provided for in any award." That stands as the general policy of the law and the commission is without power to repeal it or authority to ignore it except in particular cases.' "

These seem to be the authorities principally relied upon to sustain their contention; while they cite many others, none of them go farther than the ones quoted supra, after which they conclude their argument in their brief as follows:

"We say, therefore, to the court that it seems to us that on the application of the claimant for a lump-sum allowance the State Industrial Commission should have required proof of the physical condition of the claimant at the time of the hearing and evidence of the average life expectancy of a man of his age in a similar physical condition, before it could determine the number of the future payments which would become due, and then determine the present value of that number of future payments, or the commission should have refused to consider the application, because it was not in the interest of justice to require the respondent and the insurance carrier to pay something which might never become due, on the one hand, or, on the other, speculate upon whether death or recovery would relieve the insurance carrier and the respondent from making of some of said payments."

In reviewing the award made, we have examined the entire record and are of the opinion that such award should be affirmed, and it is so ordered.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, McNEILL, and RAMSEY, JJ., concur; HIGGINS and BAILEY, JJ., dissent.