**GRACE v. VAUGHT et al.**

No. 14956—Opinion Filed April 7, 1925.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Finality of Decision Below.**

Section 7294, Comp. St. 1921, provides that the decision of the State Industrial Commission shall be final as to all questions of fact, and except as provided in section 7297, Id., as to all questions of law.

**2. Same—Appeal from Awards—Scope of Review.**

In a proceeding in this court to review an award of the State Industrial Commission, such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission are conclusive upon this court and will not be reviewed by this court where there is any competent evidence in support of same. In the absence of any evidence, the question of liability then becomes a pure question of law for determination by this court.

Appeal from State Industrial Commission.

Action by Oscar Grace to review award of workman's compensation to Chas. F. Vaught. Affirmed.

E. S. Bradshaw and Hunter L. Johnson, for petitioner.

Geo. F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondent.

HARRISON, J. This is a proceeding to reverse an award made by the State Industrial Commission in favor of Chas. F. Vaught and against Oscar Grace for injuries sustained by Vaught, while working for Grace in Grace's dry cleaning establishment.

Four propositions are presented here for reversal of the finding and order of the commission, to wit:

(1) "That respondent below, Grace, did not employ more than two workmen in his dry cleaning establishment; the injury having been sustained while section 7285, Comp. St. 1921, was in force, such section being in substance that 'The Workmen's Compensation Act shall not apply to any employer unless he shall employ more than two workmen.'"

It is contended by the employer, Grace, that he did not employ more than two workmen in his establishment. The question as to the number of workmen employed was purely a question of fact.

The commission made a number of findings at the conclusion of the testimony taken before it, finding No. 1 being as follows:

"That Oscar Grace was the owner and conducted a dry cleaning establishment, sometimes known as the 'Grace Dry Cleaners', which is a hazardous employment within the meaning of the Workmen's Compensation Law, and that said respondent, Oscar Grace, employed more than two workmen."

Section 7294, Comp. St. 1921, provides that the decision of the commission shall be final as to all questions of fact, and except as provided in section 7297, as to all questions of law. The language of the statute is plain and unambiguous, and this court has consistently followed it in the following cases, to wit: Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750; Board of Commissioners v Barr, 68 Okla. 193, 173 Pac. 206; Raulerson v. State Ind. Com., 76 Okla. 8, 183 Pac. 880; Wilson Lbr. Co. v. Wilson, 77 Okla. 312, 188 Pac. 667; Stephenson v. State Ind. Com., 79 Okla. 228 192 Pac. 580; Booth & Flinn v. Cook, 79 Okla. 280, 193 Pac. 36; Chestnut & Smith v. Lynch, 84 Okla. 199, 202 Pac. 1018; Ohio Drilling Co. v. State Ind. Com., 86 Okla. 139, 207 Pac. 314; Northeast Okla. Ry. Co. v. State Ind. Com., 88 Okla. 146, 212 Pac. 136; Fed. M. & S. Co. v. Thomas, 99 Okla. 24, 225 Pac. 967; Scruggs Bros. etc., v. State Ind. Com., 94 Okla. 187, 221 Pac. 470.

In Northeast Okla. Ry. Co. v. State Ind. Com., supra, it is said:

"A suit instituted in the Supreme Court to review an award of the State Industrial Commission must be to review an error of law and not an error of fact, the decision as to all matters of fact being final."

And in Southern Surety Co. v. Taber, 88 Okla. 103, 212 Pac. 128, this court said:

"In a proceeding commenced in this court to review an award of the State Industrial Commission, such is a proceeding to review errors of law and not of fact. The findings of fact made by the Industrial Commission are conclusive upon this court, and will not be reviewed by this court."

The foregoing decisions are consistent with what we conceive to be the letter, spirit, and intent of the statute. Under this view the above finding No. 1 of the commission is conclusive. This is true, however, only where there is some evidence to support the findings of the commission. Where there is no evidence to support such finding, it then becomes a pure question of law reviewable by this court. This was the holding in Producers Lbr. Co. v. Butler, 87 Okla. 172, 209 Pac. 738; Cameron Coal Co v. Collopy, 102 Okla. 207, 228 Pac. 1100; Integrity Mutual Co. v. Garrett, 100 Okla. 185, 229 Pac. 282.

The second contention is: "That no notice of injury was given in writing as required by section 7292, Comp. St. 1921." We perceive no merit in this contention, the contention being based on the fact that the notice received was addressed to "Grace Dry Cleaners instead of Oscar Grace, and that the claim was filed against Grace Dry Cleaners instead of Oscar Grace, the owner and real employer; also that it was not filed until after 30 days from the date of the injury.

As to the first phase of the objection, the record shows, and the commission found, that Oscar Grace was the owner of a dry cleaning establishment, sometimes known as "Grace Dry Cleaners." It appears from the record that "Grace Dry Cleaners" was the name of the establishment; it was the place to which people sent clothing to be cleaned; the injured party worked in the shop known as "Grace Dry Cleaners"; notice of his claim for award was sent to that place and was there received by Oscar Grace, the owner and proprietor of the establishment, and employer of claimant. Besides, it is undisputed that Oscar Grace had actual notice of the injury on the day it was sustained and stood good for the boy's hospital expenses, and later attempted to compromise by paying him $25, and that the commission in its final award gave Mr. Grace credit for the $25 paid the boy. It

further appears from the record that after the first hearing, at which an award was made, the employer, Grace, having ignored the first notice received, came before the commission with a motion to set aside the former award on the ground of insufficient notice of the first hearing, and the commission granted such prayer, set aside th. former award, reopened the case and gave a full hearing, at which Mr. Grace was present with his attorneys and witnesses, and this proceeding contains the evidence taken at that hearing and the award herein complained of is the award made by the commission at the conclusion of and upon the testimony taken at such hearing; hence petitioner was not deprived of any substantial right.

As to the second phase of defect in the notice, viz., "That the claim was not filed until after 30 days," the commission, under authority of section 7292, Comp. St. 1921, excused claimant for failure to file claim within 30 days, and the record sustains the commission in so doing.

The third ground of contention is that the evidence shows that the injuries resulted directly from the willful failure of the injured party to use a guard or protection against accident. The question as to how the injury occurred, and as to whether the facts and circumstances showed it to have occurred by accident or by willful neglect of claimant, were questions of fact determined by the commission, finding No. 2 being as follows:

"That the claimant herein, while in the employ of said respondent, Oscar Grace, and in the course of his employment, received an accidental injury on May 18, 1920, when his arm was caught in the pressing machine."

This, being a fact found by the commission, is conclusive upon the court under the statutes and the decisions mentioned above, under proposition No. 1.

The fourth and last contention is:

"That the claimant was injured while cleaning his brother's suit, contrary to instructions and rules of his employer, and while not engaged in the discharge of duties under his employment."

This was likewise a question of fact which was determined by the commission upon conflicting testimony, and its finding as to such fact is conclusive under the authorities heretofore cited.

Upon consideration of the entire record and all of the propositions urged by the petitioner, Grace, we do not feel justified in reversing the award, and the order of the commission is therefore affirmed.

All the Justices concur.

Note.—See C. J.-Cyc. Workmen's Compensation Acts; Under (1) p. 122 § 127; (2) pp. 122, 123 §127.