## ST. LOUIS MINING & SMELTING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 15680—Opinion Filed Sept. 15, 1925.

Rehearing Denied Oct. 20, 1925.

(Syllabus.)

1. **Master and Servant — Workmen's Compensation Law — Occupational Diseases Excluded.**

Section 7283, Compiled Oklahoma Statutes, 1921, as amended by chapter 61, Session Laws of Oklahoma, 1923, provides, by section 1 thereof, that compensation as provided for in the Workmen's Compensation Act shall be payable for injuries sustained by employes engaged in hazardous employment, and paragraph 7 of section 7284, defines "injury" and "personal injury" to mean only accidental injuries arising out of and in the course of employment and such diseases and infections as may naturally result therefrom making the foundation of such compensation claim a casualty and excluding occupational diseases as a basis of such compensation.

2. **Damages — Personal Injuries — When Question for Experts.**

"When, in an action for personal injury, the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent

thereof, the question is one of science and must necessarily be proven by the testimony of skilled professional persons." 87 Okla. 46, 208 Pac. 785.

3. **Master and Servant — Workmen's Compensation Law — Review — Finality of Findings of Fact.**

The findings of fact by the State Industrial Commission are conclusive upon this court and will not be reviewed where there is any competent evidence to support the same, but in the absence of any competent evidence to support such findings of fact and the resulting award based thereon, the question of liability becomes a pure question of law for the determination of this court.

Error from State Industrial Commission.

Action by the St. Louis Mining & Smelting Company and Aetna Life Insurance Company to reverse award of Workmen's Compensation in favor of R. J. Turner. Reversed and remanded.

Ross & Thurman, for petitioners.

George F. Short, Atty. Gen., Baxter Taylor, Asst. Atty. Gen., and M. R. Lively, for respondents.

RILEY, J. This is an appeal from an award made by the State Industrial Commission under the provisions of the Workmen's Compensation Law of Oklahoma, in favor of R. J. Turner, claimant, against St. Louis Mining & Smelting Company, employer, and its insurance carrier, Aetna Life Insurance Company. Prior to October 2, 1923, the claimant, R. J. Turner, was employed by the said mining company in its lead and zinc mine in Ottawa county. The employe was engaged in "bruncing" or picking up and throwing dirt back to a shoveller in the mining company's shaft at the time of his last employment. On October 2, 1923, the claimant, after working in a "prospect drift" of shaft No. 11 of the mine for about 30 minutes, became dizzy from the effects of carbon monoxide gas, and with a fellow workman moved to another drift and continued their labor for the day. The gas had been caused by the explosion of dynamite earlier in the morning and the night before. On Wednesday, the following day, the claimant returned to his work, and, with some ill effects, remained at work. On the Thursday following, the claimant was incapacitated, and continued in such condition until the time of the hearing and award herein made.

The claimant was 53 years of age at the time of the hearing herein. He testified that he had been employed in various kinds of mines at intervals since he was 12 years old; hat he had worked around places where powder and dynamite had been used without such effects as in the instant case; that he effects complained of in the case at bar had not come on him suddenly, but by degrees.

Dr. Fred A. Glass, the only medical man who testified in this action for either party, gave evidence epitomized as follows: That he examined Turner in February and had him under observation in the hospital for sometime; that the patient complained of shortness of breath and considerable depression of the chest and possessed symptoms of chronic bronchitis; that from X-ray indications it was possible that the patient had tuberculosis, but from an examination of his sputum it was found that no tubercular bacilli were present, and finally the ailment was diagnosed as anthracosis, or coal miner's disease. The doctor testified that exposure to gas, under such circumstances as disclosed by the record here, would not produce the result had in the ailment under consideration, but that it would only have been temporary and transitory in its nature; that gas would not cause a muscle to be sore; that the X-ray examination showed a cloudiness throughout the entire lung typical of anthracosis; that from the amount of deposits in the lungs the condition was of long standing, possibly as long as five or six years; that anthracosis is a disease contracted by inhaling foreign particles over a long period of time, and is commonly referred to as coal miner's disease.

The record shows that the injured workman had been employed by the St. Louis Mining & Smelting Company for a period of three weeks.

The petitioners present assignments of error as follows:

(1) The Commission erred in finding that claimant sustained an accidental personal injury on October 2, 1923, arising out of and in the course of his employment by the respondent (below).

(2) The Commission erred in finding that the disability of the claimant resulted from accidental personal injury.

(3) The Commission erred in awarding the claimant compensation for a disability resulting from an occupational disease in no way relating to or growing out of the employment.

All of the assignments may be considered together.

The Workmen's Compensation Law of Oklahoma, sections 7283, 7284, Compiled Oklahoma Statutes, 1921, as amended by chapter 61, Session Laws of Oklahoma, 1923, reads as follows:

"Section 1. Compensation provided for in this act shall be payable for injuries sustained by employes engaged in the following hazardous employments, to wit: * * * mines. * * *"

"Section 2, par. 7. 'Injury' or 'personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom."

In the case at bar the Commission found that the claimant, in the course of his employment with the said mining company on October 2, 1923, sustained an accidental injury which resulted in his disability, and, as a result of such finding, made the award herein sought to be annulled.

The question submitted is whether, from the record presented, under the most favorable view of the evidence to the employe, it can be said as a matter of law that there was an injury accidentally received, and if so, was the disability the result thereof?

An accident is defined in Raiford v. Wilmington & W. R. Company (N. C.) 41 S. E. 806, as being an event from an unknown cause or an unusual or unexpected event from a known cause. The claimant, according to his testimony, was accustomed to such conditions as were here produced by the explosion of dynamite. The fumes of carbon monoxide resulting from the blasting of the night before and on the morning of October 2nd, were present and known to claimant, as such fumes resulted in a slight dizziness to him. We need not deal at length with the first part of the question, for in our judgment the latter part is determinative in this case; that is, was the "accident" the cause of the disability? As to the effects of the gas upon his person, the claimant was the only one who testified in his behalf, and in brief his testimony in substance was: "I was gassed; I remained at work with slight ill effects two days thereafter, and am now disabled." No one skilled in scientific knowledge was brought who said that the event of claimant being slightly gassed caused his disability. On the other hand, the undisputed testimony in the record from the only witness qualified to testify concerning the causes and effects of internal diseases such as suffered by claimant was, in substance, that the diability of claimant was caused by anthracosis and solely from such occupational disease.

In the case of Oklahoma Hospital v. Brown, 87 Okla. 46, 208 Pac. 785, it is said:

"It is the settled rule that, where the injuries complained of are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be determined by the testimony of skilled professional persons." See, also, Ewing et al. v. Goode, 78 Fed. 442.

There is no testimony showing or attempting to show that the event of claimant being gassed accelerated his disease. The claimant relies upon the accidental injury to establish his claim for compensation and the burden of proof is on him to establish, first, the accidental injury; and, second, the consequent resulting disability. Under the accepted rule of this court, the findings of fact by the State Industrial Commission are conclusive upon review and an award based thereon will not be disturbed when there is any competent evidence to support such findings, but in the absence of any competent evidence the question of liability becomes a pure question of law for the determination of this court. Choctaw Portland Cement Company v. Lamb, 79 Okla. 109, 189 Pac. 750; Board of County Commissioners v. Barr, 68 Okla. 193, 173 Pac. 206; Wilson Lumber Company v. Wilson, 77 Okla. 312, 188 Pac. 667; Stephenson v. State Industrial Commission, 79 Okla. 228, 192 Pac. 530; Booth and Flynn v. Cook, 79 Okla. 280, 193 Pac. 36; Fitzsimmons v. State Industrial Commission, 108 Okla. 276, 256 Pac. 616.

We are of the opinion, from a careful examination of the record, that the claimant failed to produce any competent evidence to form a basis for the finding by the Commission that the "accident," as claimed, resulted in the disability.

From a review of the compensation acts of other jurisdictions we find that some of them provide compensation when a workman receives an "injury" in the course of his employment, while others make the foundation of such claim an "accidental injury" or an "injury by accident." The courts in interpreting the various acts have made an important distinction in the use of the words quoted. Generally it is held, where the word "accident" is used, the workmen suffering from occupational diseases are not entitled to compensation, and where the word "injury" is used and "accident" omitted the workman contracting occupational diseases is entitled to compensation. Bradbury's Workmen's Compensation, 317. Under our act, section 7284, supra, "injury" is de-

fined to mean "accidental injury," and the basis of a claim for compensation must be a casualty occurring without expectation or foresight; occupational diseases, sustained in the course of employment where from the nature of the work such diseases are likely to be contracted, are excluded as a basis of compensation, for an occupational disease is not an accidental disability. Peru Plow & Wheel Co. v. Industrial Commission et al. (Ill.) 142 N. E. 546; Moore v. Service Motor Truck Co. (Ind.) 142 N. E. 19; Taylor v. Swift & Co. (Kan.) 219 Pac. 516; Van Vleet v. Public Service Co. of York (Neb.) 195 N. W. 467; Jellicoe Coal Co. v. Adkins (Ky.) 247 S. W. 972; Meade Fiber Co. v. Starnes (Tenn.) 247 S. W. 989.

The cause is reversed and remanded to the State Industrial Commission, with directions to dismiss the claim.

NICHOLSON, C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.