## VAN FLEET v. STATE INDUSTRIAL COMMISSION et al.

No. 16161—Opinion Filed Nov. 3, 1925.

Rehearing Denied Jan. 26, 1926.

1. **Master and Servant—Workmen's Compensation Law—Finality of Commission's Decision on Facts.**

The finding of the State Industrial Commission on a question of fact, where there is any evidence to support the same, is conclusive on appeal to this court.

2. **Disposition of Cause.**

Under said rule, the evidence is sufficient to sustain the order appealed from.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from State Industrial Commission.

Action by Carl Van Fleet to review order of State Industrial Commission discontinuing compensation. Order sustained.

E. G. Wilson, for petitioner.

F. A. Rittenhouse, Frank E. Lee, John F. Webster, and J. Fred Swanson, for respondents.

Opinion by ESTES, C. The State Industrial Commission, on motion of respondents and insurance carrier, ordered discontinuance of compensation to the petitioner, Carl Van Fleet, as of September 13, 1924. This proceeding is at the instance of said petitioner for the purpose of reviewing such order, it being assigned that the same is contrary to law and the evidence. The decision of the commission on a question of fact, where there is any evidence to support the same, is conclusive in this court. The rule is well settled. It has been applied more frequently against the insurance carrier, but is equally applicable to the claimant, the petitioner herein. In the instant case, compensation had been awarded and paid petitioner for sometime, and the insurance carrier moved to discontinue same on said date for that the disability of petitioner had been removed and he was able to resume his work. There was a conflict in the evidence, whether petitioner had wholly recovered and was able to work. Such conflict related particularly to an alleged ankylosed condition of the knee. Certain physi-

cians, who had examined petitioner under the direction of the commission, stated, in effect, that while there was some stiffness yet remaining in such knee, it was normal otherwise, and that the use of the same, if he would go to work, together with proper care, would, in their opinion, bring about a complete recovery, and that he was able to resume such work. This, and other testimony and circumstances consistent, are sufficient, under said rule, for sustaining the order of the commission.

Let the order of the commission be sustained.

By the Court: It is so ordered.

Note.—See Workmen's Compensation Acts, C. J. p. 122, § 127: anno. L. R. A. 1916A, pp. 163, 266; L. R. A. 1917D, 186; 28 R. C. L. pp. 827-829; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. 1580.