## THOMAS v. FORD MOTOR CO. et al.

No. 16523—Opinion Filed Dec. 22, 1925.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Review of Awards — Conclusiveness of Findings of Fact.**

The law is now well settled in this state that in a proceeding in this court to review an order of the State Industrial Commission such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same.

2. **Same — Occupational Diseases not Compensable.**

Section 7283, Compiled Oklahoma Statutes, 1921, as amended by chapter 61, Session Laws of Oklahoma, 1923, provides, by section 1 thereof, that compensation as provided for in the Workmen's Compensation Act shall be payable for injuries sustained by employes engaged in hazardous employments, and paragraph 7, of section 7284, Compiled Oklahoma Statutes, 1921, defines "injury" and "personal injury" to mean only accidental injuries arising out of and in the course of employment and such diseases and infections as may naturally result therefrom; construed in connection with section 7285, Compiled Oklahoma Statutes 1921, providing compensation for disability resulting from an accidental personal injury—makes the foundation of such compensation claim a casualty, and excludes occupational diseases as a basis of such compensation.

Error from State Industrial Commission.

Action by Guy Thomas against the Ford Motor Company and the State Industrial Commission to reverse an order of the State Industrial Commission. Affirmed.

S. J. Clay, for claimant.

Everest, Vaught & Brewer and George F. Short, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for respondents.

RILEY, J. Guy Turner prosecutes this proceeding for a review of an order of the State Industrial Commission made on May 27, 1925, denying an award of compensation to him as claimant.

The first contention of claimant is that he contracted lead poisoning and painter's colic while in the employ of respondent, and that the same is an accident within the meaning of the Compensation Act of the state of Oklahoma, and that the Industrial Commission has exclusive jurisdiction over such matters to order compensation paid to the claimant for disability received by him.

The Commission found:

"That claimant did not sustain an accidental injury arising out of and in the course of his employment with the respondent herein; that the disability of said claimant is not a result of any accidental injury."

The Commission did not find that claimant was suffering from lead poisoning or painter's colic, but from pyorrhea and constipation, and, indeed, there is evidence to sustain ths finding. Dr. Horace Reed testified:

"A. Yes, sir. He had pyorrhea. The pus could be pressed from around his teeth. He had retraction of the gum lines, and some tenderness across the abdomen with pressure, with some muscle resistance on the right of the mid line. Q. What would ordinarily cause the conditions that you relate? A. The pyorrhea."

And in his report to the Commission, after having examined claimant, Dr. Reed used these words:

"Disability, whatever the claimant's disability be, I can see no connection of such disability with his previous occupation or with any injury."

The law is now well settled in this state that in a proceeding in this court to review an order of the State Industrial Commission such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same. Southern Surety Co. v. Tabor, 88 Okla. 103, 212 Pac. 128; Raulerson v. State Indus. Com., 76 Okla. 8, 183 Pac. 880; Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666; Northeast Okla. Ry. Co. v. State Indus. Com., 88 Okla. 146, 212 Pac. 136; Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750; Board of County Commissioners v. Barr, 68 Okla. 193, 173 Pac. 206; Stephenson v. State Indus. Com., 79 Okla. 228, 192 Pac. 580; Booth & Flynn v. Cook, 79 Okla. 280, 193 Pac. 36; Oscar Grace v. Vaught, 108 Okla. 187, 235 Pac. 590; Fitzsimmons v. State Indus. Com., 108 Okla. 276, 236 Pac. 616; St. Louis Mining & Smelting Co. v. State Indus. Com., and R. J. Turner, 113 Okla. 179, 241 Pac. 170.

The claimant alleges that he has worked for the respondent seven years and that his disability, evidenced by his recent illness, began three years ago, incident to his service as a painter and diagnosed as lead poisoning. He contends that the "accident," within the meaning of the Workmen's Compensation Act, was upon the date when his disability became so great or suffering so serious as to require his discontinuance of work. In support of his contention, he cites Ward v. Beatrice Creamery Company, 104 Okla. 91, 230 Pac. 872, and Winona Oil Co. v. Smithson, 87 Okla. 226, 209 Pac. 398.

In the latter case the claimant, while in the employ of the Winona Oil Company, went to get tools, and while carrying them stepped off of a platform about two and one-half feet high with the tools in his arms. He received a severe jar, which caused rupture of blood vessels and hemorrhage in the vitrous of the left eye. It was held that the claimant sustained an accidental personal injury as contemplated by the statute. The word "accident" was defined to be an unlooked for and untoward event which is not expected or designed; and it was said: "The term 'accident' means something unusual, unexpected and undesigned." It was further said that the term "accidental injury," as used in the act, must not be given a narrow meaning, but, according to the great weight of English and American authorities, the term is to receive a broad and liberal construction, with a view of compensating injured employes, where the injury resulted through some accidental means, was unexpected and undesigned, or may be the result of mere mischance or of miscalculation as to the effect of voluntary action. It was said:

"The primary purpose of all Workmen's Compensation Laws is to provide compensation for injured employes for injuries accidentally received in the course of their employment."

In the former case it was held that burns, scalds, and salivation suffered by an employe, caused by the use of soda ash in the process of sweetening cream in a hot room in the creamery of the defendant corporation in the course of employment, are within the operation of the Workmen's Compensation Act, providing compensation for accidental injuries.

In St. Louis Mining & Smelting Co. v. State Industrial Com., 113 Okla. 179, 241 Pac. 170, this court held that under section 7283, Compiled Oklahoma Statutes, 1921, as amended by chapter 61, Session Laws of Oklahoma, 1923, a basis for a claim of compensation must be a casualty occurring without expectation or foresight. Occupational diseases sustained in the course of employment, where from the nature of the work such diseases are likely to be contracted, are excluded as a basis of compensation.

For the reasons herein expressed, the order of the State Industrial Commission is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, LESTER, and HUNT, JJ., concur.