## TEAGUE v. CARTER OIL CO. et al.

No. 24148. Dec. 5, 1933.

Rehearing Denied Jan. 16, 1934.

Creekmore Wallace, for petitioner.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

Jas. A. Veasey, L. G. Owen, and Forrest M. Darrough, for respondent Carter Oil Company.

CULLISON, V. C. J. This is an original proceeding in this court by Mance Teague to review an order of the State Industrial Commission entered September 9, 1932 denying the claim for compensation which Mance Teague made against the Carter Oil Company for the reason that the evidence was insufficient to establish any right of recovery of claimant.

The record discloses the following facts: On November 10, 1930, claimant filed with the State Industrial Commission his claim for compensation, alleging that on or about October 1, 1929, at 3:00 p. m., he received a head injury while working for the Carter Oil Company. A hearing was had at Seminole on April 23, 1931, at which claimant appeared in person and by his attorney, J. M. Huser. At the time of this hearing at Seminole, the Carter Oil Company interposed a motion to dismiss the case on the ground that the one-year statute of limita-

tions had barred claimant from recovering in said proceeding.

On May 26, 1931, claimant filed with the Commission his motion (supported by affidavits) for permission to amend his proof of claim to show that the accident and injury were sustained November 21, 1929, instead of October 1, 1929. The Commission conducted a hearing at Tulsa on November 3, 1931, and thereafter, on November 18, 1931, entered its order denying claimant any recovery. Said order was vacated and set aside by a later order of the Commission dated December 1, 1931.

Claimant, through his new attorney, Creekmore Wallace, filed an amended complaint and requested permission to present further testimony in support thereof. Hearings were thereafter had, one in Oklahoma City on June 8, 1932, another in Seminole on August 2, 1932, and again at Oklahoma City under date of August 16, 1932, in each of which claimant appeared in person and was represented by counsel. Thereafter, on August 26, 1932, an oral argument was had by the parties litigant before the Commission sitting as a body. Pursuant thereto, on September 9, 1932, the Commission entered its order denying claimant any recovery.

It is this order which petitioner, claimant below, seeks to have reviewed by this court. Said order found as follows:

"Claimant alleges that he had an injury on or about October 1, 1929, and insisted on that being the date by himself and his witnesses, but after discovering that that date would make his filing of his form 3 out of date, he then amended showing the date of his injury to be on November 21, 1929, and there is not sufficient evidence to prove same and there is not sufficient evidence to prove that any notice of any injury occurring on the date alleged as November 21, 1929.

"Wherefore, there not being sufficient evidence to establish any right of recovery of claimant and his claim must therefore be and the same is hereby denied."

"It is therefore ordered: That said claim be denied. * * *"

Petitioner, claimant below, contends that the Commission's order is not sustained by any competent testimony; that the date of the injury is immaterial by reason of the mental incompetency of the claimant, and by reason thereof claimant's failure to file his claim or give notice within the time provided by statute does not preclude him from asserting his claim herein. Petitioner further contends that the only proof necessary was that the injury occurred to claimant while

employed by respondent in a hazardous business.

We observe that the Commission found, in part, that claimant first alleged an injury on or about October 1, 1929, and that he later amended his allegations to show the date of his injury to be on November 21, 1929, and that there is not sufficient evidence to prove same.

We are of the opinion that it matters not whether claimant is mentally competent or incompetent, as contended by petitioner, for in either case the same burden is placed upon him to establish to the satisfaction of the Commission that he received a compensable injury while in the course of his employment with respondent. This he did not do.

The record discloses considerable conflict in evidence: First, as to the place of employment of the claimant upon the date he claims to have received the injury relied upon for recovery. Some of the witnesses for the claimant testify that at the time he was working near Seminole, and other witnesses for claimant testified that he was working on that day at a point 15 or 18 miles distant. Tom Dobbs testified that he was working with claimant at the time of the injury. P. H. Key testified on behalf of claimant that the witness Dobbs was not working with claimant on November 21, 1929. Reference is hereinafter made to this testimony in detail.

The medical testimony is equally in conflict. Dr. Jones and Dr. E. C. Wilson testified that the X-ray photograph of claimant's skull showed a fracture, Dr. Wilson describing the same as being three to five inches long and 3/32 inches wide. Dr. L. H. Stuart, on the other hand, testified that he had X-ray photographs taken of claimant's skull, and that the same discloses no evidence of fracture, either old or recent, and that claimant's skull discloses no abnormality. Dr. Fred A. Glass found nothing from his physical examination of claimant.

Thus the medical testimony is in direct conflict as to whether claimant's head disclosed any evidence of trauma.

The record further discloses that P. H. Key, foreman in charge of the work at the time claimant allegedly received his injury, was present at the time. Mr. Key testified in claimant's behalf as follows:

"Q. You don't have any independent recollection of seeing this man injured by a pipe jack, working on the Rightsman lease? A. No, sir. Q. I will ask you this, if you had a conversation with him after the injury? A. I don't know; I don't remember him having an injury. I don't know anything about him having an injury. Q. You don't know anything about that? A. No, sir. Q. Mr. Dobbs is mistaken about your being present at the time of the injury? A. If Mr. Dobbs said I was present at the time of the injury, he is evidently mistaken, because I didn't hear the man was injured."

The evidence being thus in conflict as to whether or not claimant received an injury while in the course of his employment with respondent, it became the duty of the State Industrial Commission, as the sole judge of the credibility of the witnesses who testified and of the weight and value of the testimony offered by such witnesses, to rule on the sufficiency of this evidence. This it did at the close of the evidence offered and after argument of counsel. The Commission ruled it insufficient.

This court said, in the case of Van Fleet v. State Industrial Commission, 116 Okla. 20, 242 P. 1042, in the body of the opinion:

"The decision of the Commission on a question of fact, where there is any evidence to support the same, is conclusive in this court. The rule is well settled. It has been applied more frequently against the insurance carrier, but is equally applicable to the claimant, the petitioner herein."

In Thomas v. Ford Motor Co., 114 Okla. 3, 242 P. 765, this court, speaking through Mr. Justice Riley, held:

"The law is now well settled in this state that in a proceeding in this court to review an order of the State Industrial Commission, such proceeding is to review errors of law and not of fact. The finding of facts by the Industrial Commission is conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same. Southern Surety Co. v. Tabor, 88 Okla. 103, 212 P. 128; Raulerson v. State Indus. Com., 76 Okla. 8, 183 P. 880; Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 P. 666; Northeast Okla. Ry. Co. v. State Indus. Com. 88 Okla. 146, 212 P. 136; Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 P. 750; Board of County Commissioners v. Barr. 68 Okla. 193, 173 P. 206; Stephenson v. State Indus. Com., 79 Okla. 228, 192 P. 580; Booth & Flynn v. Cook, 79 Okla. 280, 193 P. 36; Oscar Grace v. Vaught, 108 Okla. 187, 235 P. 590; Fitzsimmons v. State Indus. Com., 108 Okla. 276, 236 P. 616; St. Louis Mining & Smelting Co. v. State Indus. Com., and R. J. Turner, 113 Okla. 179, 241 P. 170. * * *"

The foregoing opinion was cited with ap-

proval in White Oak Refining Co. v. Whitehead, 149 Okla. 297, 298 P. 611, at page 300 (Okla. Reports) of the opinion.

In view of the condition of the record, and the authorities cited, we are of opinion, and hold: The record discloses competent evidence to support the findings of facts as made by the Commission that the evidence was insufficient to prove an injury on November 21, 1929.

The order is affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, and WELCH, JJ., concur. McNEILL and OSBORN, JJ., dissent. BAYLESS and BUSBY, JJ., absent.