HANKINS BROS. et al. v. FRITTS et al.

No. 22220. Opinion Filed July 21, 1931.

Rehearing Denied Sept. 15, 1931.

Cheek & McRill, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

LESTER, C. J. This is an original proceeding by the petitioners seeking to review the record and order made in the proceeding before the State Industrial Commission wherein Tom Fritts was claimant and Hankins Brothers Company were respondents. The order of the State Industrial Commission was made on the 6th day of March, 1931, in favor of the respondent, Tom Fritts, awarding him compensation for a total permanent loss of the right eye. It appears from the record that claimant filed his claim before the State Industrial Commission on August 29, 1930. He alleged therein that he was an employee of Hankins Brothers, and that he was injured about June 2, 1930, while in such employment of the respondent at Seminole, Okla. The cause of the accident was due to sheet-rock flying from the load they were placing on the truck; that a particle of said sheet-rock struck the respondent herein in the left eye, which caused him to lose the sight of that eye, and resulted in injury to the right eye. The matter came on for hearing, and after the hearing the respondents in due time filed a motion to vacate the order made upon the first hearing, which was by the court sustained, and the cause being continued came on for final hearing upon the date above mentioned, at which time, after full hearing, the Commission made the award in question, after taking of additional testimony, said continuance being taken for that purpose.

There is no dispute as to the relationship existing between the parties, nor is there any denial that the respondent herein was injured.

The only assignment of error presented to this court for review is as follows:

"The Commission erred in finding that the claimant's disability, if any, resulted from the original injury, same not being supported by any competent evidence."

A careful reading of the record discloses that the evidence is sufficient to show that the claimant's disability resulted from an original injury while in the employment of Hankins Brothers. Claimant testified, in effect, that his disability was due to said injury. The doctor testified that the loss of vision he found present in the eye of the claimant is one that would reasonably be expected of a traumatic injury, which he found in the claimant's eye on his first examination on June 4, 1930, and that this was independent of any other cause, and that it was also true that when an injury results in a general iritis, that this injury, according to his examination thereof, did result in general iritis, and that from the present condition based upon his examination, and that foreign body was the resulting conditions he found upon his first examination, and that this was sufficient of itself, without the addition of any other cause, to produce blindness or loss of vision, as he found upon his examination before the Commission; that the claimant would not recover his vision of the eye. As to the question of the Commission's error in finding that the claimant's disability, if any, resulted from the original injury, same not being supported by any competent evidence, we find, in addition to the testimony already set out, the following testimony of the attending physician in answer to a question propounded by the Commission as follows (transcript p. 53):

"Q. Do you think the condition you found in his right eye is due to the alleged injury in the left eye? A. I do. Q. Do you think, at this time, this claimant should be given further medical treatment at once? A. I do."

And again, on page 69 of the record, Dr. Randel testified, among other things, that in his opinion the injury was the primary cause of the condition of the eyes as he found them when the claimant came to him for an examination, and further that the claimant was practically blind in both eyes and had to be escorted around. We must, therefore, conclude, from the examination of the record, that there was sufficient competent evidence showing that the disability clearly resulted from the original injury.

The rule, therefore, to be applied in this case may be found in Grace v. Vaught, 108 Okla. 187, 235 Pac. 590, wherein the court held:

"In a proceeding in this court to review an award of the State Industrial Commission, such proceeding is to review errors of law and not of fact. The findings of facts by the Industrial Commission are conclusive upon this court and will not be reviewed by this court where there is any competent evidence in support of same. In the absence of any evidence, the question of liability then becomes a pure question of law for determination by this court."

There being ample evidence to sustain the finding of the Industrial Commission, and no question of law being presented by the assignment of error, it follows from the

reasons stated that the award of the State Industrial Commission is affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (2) anno. L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 827; R. C. L. Perm. Supp. p. 6252 et seq.; R. C. L. Pocket Part title "Workmen's Compensation Acts," § 116.